## BOYKIN, McRAE, & FOSTER vs. COLLINS.

1. In assumpsit, for goods, wares, and merchandize sold and delivered, parol evidence is inadmissible, to prove that the goods were shipped and forwarded to the defendant, by her *written instructions*, unless the writing itself is produced, or its absence satisfactorily accounted for.

2. The objection to its admissibility may be raised for the first time, when the evidence is offered on the trial, although the deposition of the witness, taken upon interrogatories and cross-interrogatories, was in the possession of the defendant's counsel, for twenty-four hours before the trial, and no notice was given to the plaintiffs, to produce the writing.

3. As a general rule, if a party is present at the taking of a deposition, and allows secondary evidence to be received, without objection, he will not be allowed to raise the objection afterwards.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. Robert Dougherty.

This was an action of ASSUMPSIT, by Boykin, McRae, & Foster, against Mrs. Louisa Collins, for goods, wares, and merchandize sold and delivered. The declaration contained the common counts. On the trial, the plaintiffs read the deposition of one Helen, who was a clerk in their house in Mobile at the time the account was contracted on which the suit was founded. This deposition was taken on interrogatories and cross-interrogatories.

. In answer to plaintiffs' third interrogatory, the witness says: "I know that the two bills of merchandize were shipped to Mrs. Louisa Collins, by her written instructions, and that

said goods went on board of the boats, and a bill of lading for each lot was taken by myself."

When this deposition was offered in evidence on the trial, the defendant's counsel moved the court to exclude from the jury all that part of the testimony which speaks of written instructions from Mrs. Collins to send her goods, upon the ground, that it appeared, if any such instructions or orders were given, they were in writing, and the writing ought to be produced, or its absence accounted for. The written order was not produced in court, nor was its absence accounted for; but the plaintiff proved that said deposition had been in the possession of the defendant's counsel for twenty-four hours before the trial, and that he had given plaintiffs' counsel no notice to produce said written order. The court excluded that portion of the deposition which was objected to, and the plaintiffs excepted.

The plaintiffs requested the court to charge the jury:

1. That to authorize the defendant to require the production of said written order or letter, the defendant should have objected to the witness speaking in relation thereto at the time the deposition was taken, or by suitable cross-interrogatories, and that having neglected to do so, she cannot now object to the deposition on that account;

2. That in order to sustain this action it was not necessary for the plaintiffs to produce said writing or letter referred to, without notice from the defendant of her intention to require it;

3. That if defendant's counsel had been in possession of the deposition for twenty-four hours, and had given no notice to plaintiffs of their intention to require the production of said writing, that defendant cannot require the same after both parties have announced themselves ready for trial, and the said testimony is offered to the jury.

The court refused each one of these charges, and the plaintiffs excepted to each refusal. The exclusion of the evidence, and the refusal to charge as requested, are assigned for error.

CAMPBELL & BIRD, for plaintiffs in error.

1. The letter being a collateral paper, and not sued on in this case, it is not necessary for it to be produced without

notice to that effect. Planters' & Merchant's Bank v. Borland, 5 Ala. Rep. 531, § 3 note 5.

2. Defendant's counsel should have given the earliest notice of his intention to make the objection to the deposition. Spence v. Mitchell, 9 Ala. Rep. 744.

3. The defendant having written the letter, is of course as much supposed to know of its existence as the plaintiffs, and consequently could have filed suitable interrogatories to witness.

4. It is too late to make the objection after the parties have gone to the jury. Spence v. Mitchell, 9 Ala. Rep. 748; Olds v. Powell, 10 Ala. Rep. 393.

5. As witness was examined by interrogatories, that was the time to make the objections, as it was the only means to enable the witness to produce the paper, or account for its loss, nei her of which he was required to do.

GEORGE W. STONE, *contra.*

1. The letter, being the highest and best evidence, should have been produced; and it was not incumbent on the defendant to give plaintiffs notice to do so. As well might it be contended that a *plaintiff* need not produce the note he declares on, without notice requiring it. 18 Ala. Rep. 479; ib. 214; ib. 388; 16 ib. 116.

2. If the letter had been produced, the court, on motion, would have been bound to exclude it, because the hand writing was not proven. The witness did not know Mrs. Collins, and could not know her hand writing. He does not say he knew it, and the court cannot presume he did. 1 Greenleaf's Ev. §§ 577–578.

3. It will be observed, that in this case the objection is, that defendant did not notify plaintiffs *to produce the letter;* not, that we did not notify them of our intention to move to suppress that part of the deposition. We know of no rule of law requiring a party to notify his adversary that inferior evidence will not be received. All men are presumed to know the law; the counsel in this case did know it.

PHELAN, J.—We hold it to be entirely clear, that the portion of Mr. Helen's deposition which says that the mer-

chandize had been shipped to Mrs. Collins by her instructions, was testimony a'together material to the issue between the parties to this action. But it is shown here by the deposition itself, that these instructions were *in writing*. A well settled rule of the law of evidence declares, that where there is any writing containing evidence material to the issue in the possession of a party, such party cannot substitute oral testimony in place of the written, unless he will account satisfactorily for the absence of the written evidence. 1 Green. Ev. § 88.

This was an attempt to substitute *secondary* evidence for *primary*, without showing that the primary or best evidence could not be had. *Secondary* evidence, without such a showing, is not *admissible*, and a motion to suppress it in a deposition may be made at any time, either at the trial or before. The principle is not varied in the case of a deposition, from what it would be if the same testimony were given by a witness from the stand. In either case, *secondary* evidence will be rejected, when it is shown that the party offering it had better evidence which he does not produce, and shows no sufficient reason why he does not produce it.

The plaintiffs, by proving that the defendant had had possession of the deposition for twenty-four hours before the trial, and by the charges that the court was requested to give in connection with that proof, seem to have thought that the legal obligation resting upon them, to lay a proper ground for the introduction of secondary evidence, was obviated by the neglect of the defendant to give them notice to produce the written order, after having had twenty-four hours' possession of the deposition. That would be giving a qualification to the rule requiring the production of the best evidence, that would be both novel and dangerous. The rule now is, if a party allows secondary evidence to go to the jury without objection, he will not be allowed to object in the argument; but by this new rule, if a party knows it is the intention of the other party to offer secondary evidence, and he does not give him notice to produce the best, he will be concluded from objecting to the secondary evidence when it is offered. This would not be a wholesome rule, and in truth is not the rule. All the charges that were asked of the court,

which were predicated upon such an idea, were properly refused.

There is one of the charges that the court refused, which requires, perhaps, a separate notice. The request is in these words;

"That in order to require the production of said paper, letter, or order in writing, the defendant should have objected to the witness' speaking in relation thereto at the time of the deposition being taken, or by suitable interrogatories, and that having then neglected so to do, she cannot now object to the deposition of the witness on that account."

If a party is present at the taking of a deposition, and allows *secondary* evidence to be received without objection, he would not be allowed, as a general rule, to make the objection afterwards ; but in this case the deposition was taken by interrogataries, and there is no proof that the defendant was present by herself or counsel. But, it is said, the objection should have been made by " suitable cross-interrogatories." The answer is, that there was nothing in the nature of the suit, or the interrogatories filed by the plaintiff, that would naturally suggest to the mind of the defendant, that plaintiff was going to establish his demand by proof of *written instructions* from defendant to forward goods. There was no question by plaintiffs, so framed as to elicit from the witness proof that the goods were *furnished agreeably to instructions* from the defendant of any kind, by which defendant could be admonished to call for the production of a writing in a cross-interrogatory. A motion to suppress testimony which is wholly incompetent may be made at the trial, but testimony which is good in itself, but has been irregularly taken, ought not to be suppressed, unless the motion is made before the parties proceed to trial. Jordan v. Jordan, 17 Ala. Rep. 466, and authorities there cited.

There is no error in the record, and the judgment is affirmed.