# Excelsior Steam Laundry Company v. Lomax.

## Damages for Injury From Team Left Unattended on a Street.

(Decided April 14, 1910.   52 South. 344.)

1. *Municipal Corporations; Violation of Ordinance; Leaving Team Unattended.*—Where the driver of a laundry wagon left his team standing at the curb, and went into the second story of a building forty to fifty yards away, and thirty feet from the sidewalk to deliver some articles from the laundry, the team was left standing without any person in charge within the meaning of an ordinance punishing such neglect, and the leaving was not within an exception that the vehicle was being loaded and unloaded, where the exception was not to be extended so as to include more than such temporary abandonment of the reins as is reasonably incident to loading and unloading by the driver.

2. *Same; Jury Question.*—Where there was some evidence that the driver took some precaution in the way of securing the horses before he went into the house, the question of negligence in leaving the team unattended in the street was one for the jury.

3. *Proximate Cause; Jury Question.*—Under the evidence in this case, it was a question for the jury to determine whether or not the leaving of the team unattended in the street was the proximate cause of the injury.

4. *Evidence; Judicial Knowledge; Municipal Ordinance.*—While a citizen within a municipality must take notice of its ordinances which have the force of laws within the municipality, the courts of this state do not take judicial notice of municipal ordinances, and where an ordinance was offered in evidence a court cannot as-

[Excelsior Steam Laundry Company v. Lomax.]

sume to know the date on which it became effective as law where not shown.

5. *Appeal and Error; Bill of Exceptions; Statement as to Evidence; Conclusiveness.*—Where the bill of exceptions states that it contains all of the evidence, this court cannot deal with it on a contrary hypothesis.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Carrie Lomax against Excelsior Steam Laundry Company for damages for injury alleged to have been caused in a collision with a runaway team belonging to said laundry, and left by one of its drivers unattended on the street in violation of a city ordinance. Judgment for plaintiff and defendant appeals, Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant. The court erred in giving the affirmative charge for the plaintiff. There was no evidence showing that the ordinance was in force at the time, and even if it was in force, the jury should have been permitted to consider whether or not it had been violated. —*Southern H. & F. Co. v. Standard E. Co.,* 48 South. 356. It cannot be said as a matter of law that the horse was left without anyone being in charge.—*Verona C. & I. Co. v. White,* 48 South. 362. The court should have given the charge requested by the defendant.

BOWMAN, HARSH & BEDLOW, for appellee. If the ordinance was not in force at the time, the defendant should have taken advantage of that fact by motion to exclude it and even if there had been conflict in the testimony as to this matter, the weight of the testimony would have been for the court and not for the jury.— Section 3988, Code 1907; *Montgomery St. Ry. v. Smith,* 39 South. 761; McQuillman on Munic. Ord., section 391.

Counsel discuss the cases cited by appellant and conclude that they have no application. They insist that the charge requested by the defendant was argumentative and misleading.

SAYRE, J.—An ordinance of the city of Birmingham reads thus: "Section 875. Leaving Horse Unattended.—Any person who leaves any horse, mule or team standing attached to any vehicle in the streets without any person being in charge of said horse, mule or team, except when being loaded and unloaded, must, on conviction, be punished," etc. The driver in charge of defendant's laundry wagon had left his team standing at the curb, and unattended, while he went into the second story of a building, 40 or 50 yards away and 30 feet from the sidewalk, to deliver some articles from the laundry. There can be no doubt that the team was thus left standing without any person in charge within the meaning of the ordinance. Nor did the occasion fall within the spirit and reasonable interpretation of so much of the ordinance as provides an exception when the vehicle is being loaded and unloaded. The danger of leaving teams standing in streets without any one in charge, and the providence of the ordinance, are obvious, and the exception is not to be extended so as to include more than such temporary abandonment of the reins as is reasonably incident to the loading and unloading vehicles by the driver. Without going beyond the exigency of the case presented by the facts shown in the record, we state our opinion that the driver was not, within the meaning of the ordinance, loading or unloading the defendant's vehicle when he went into the house under the circumstances testified to by him.

There was evidence which tended to show that the driver had taken some precaution in the way of securing the horse before he went into the house. Whether,

apart from his alleged violation of the ordinance, he was guilty of negligence as charged in the first count, was, therefore, a question for the jury; and it follows that, in giving the general affirmative charge for the plaintiff, the court assumed that the ordinance alleged in the third count of the complaint was a valid ordinance in force at the time of the injury complained of. The courts of this state do not take judicial cognizance of municipal ordinances.—*Case v. Mobile,* 30 Ala. 538; *Furhman v. Huntsville,* 54 Ala. 263; *North Birmingham Ry. v. Calderwood,* 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105. This, although the residents within a municipality must take notice of its ordinances, and such ordinances have the force and effect of laws within the limits of the corporation.—*Calderwood's Case, supra.* The recital of the bill of exceptions is in this language: "Plaintiff here offered in evidence a copy of section 875 of the Code of the city of Birmingham, which was received in evidence and was as follows: (Here follows an ordinance in the language of the complaint.)" The courts, refusing to take cognizance of municipal ordinances, cannot logically assume to know the date upon which an ordinance became effective as law. The proof offered was unquestionably sufficient to establish the ordinance as subsisting at the time of the trial; but it failed to show that it had been adopted prior to the time at which plaintiff received her injury. The bill of exceptions distinctly states that it contains all the evidence, and we are without authority to deal with it on any hypothesis to the contrary.

Furthermore, it was for the jury to say whether the violation of the ordinance by the defendant's agent, the driver, was the proximate cause of plaintiff's injury. There was no such necessary causal connection in fact between the two as authorized the court to declare, as

matter of law, that the alleged violation of the ordi-
nance was the proximate cause of the plaintiff's injury.
That was for the jury.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ.,
concur.