# Seaboard Air Line Railway Company v. Taylor.

## *Injuries From Collision.*

(Decided December 18, 1913. 64 South. 187.)

1. *Charge of Court; Credibility of Witness.*—Charges that if witnesses willfully testified falsely as to any material facts, and the jury believed they did, they were authorized to disregard their entire testimony, were proper, and the use of the word "authorized" did not render them improper as such word did not import any direction or command to the jury limiting their discretion or requiring them to reject testimony which they found to be credible.

2. *Same; Withdrawing Issues.*—Where the complaint alleged negligence in starting a train without a signal from a watchman in violation of an ordinance which is set out, it was error to refuse to instruct that there could be no recovery on that count, where no proof was given of the existence of such an ordinance, since without such proof defendant's special duty in that respect was not shown.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by George W. Taylor against the Seaboard Air Line Railway Company, for damages for personal injuries and to property. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following are the charges given for plaintiff:

"(1) If the jury believe that witness Floyd Spain testified willfully falsely as to any material fact in this case, then they are authorized to disregard his entire testimony.

"(2) If the jury believe from the testimony in this case that Engineer Phillips testified willfully falsely as to any material facts in this case, they are then authorized to disregard his entire testimony."

Charge 7, refused to defendant, is that if the jury believe the evidence they cannot find for plaintiff under the seventh count of the complaint as amended.

TILLMAN, BRADLEY & MORROW, E. L. ALL, and J. A. SIMPSON, for appellant. The court erred in giving to the jury charges 1 and 2 at the request of plaintiff. The charges by the use of the word "authorized" in effect directed and instructed the jury not to regard such evidence notwithstanding they might have found it credible.—*So. Ry. Co. v. Lunn,* 128 Ala. 297; *Larkinsville Mining Co. v. Flippo,* 130 Ala. 361; see a further discussion of such charges in 93 Ala. 51; 122 Ala. 85; 144 Ala. 265; 158 Ala. 652; 160 Ala. 584. The court erred in declining to give to the jury charge 7 requested by defendant as no proof was made of the existence of the ordinance set out in the count. Courts do not take judicial cognizance of a municipal ordinance.— *Case v. Mobile,* 30 Ala. 538; *Calderwood's Case,* 89 Ala. 247; *Excelsior Laundry v. Lummox,* 52 South. 347; *Adler v. Martin,* 59 South. 597.

JOHN W. ALTMAN, for appellee. The charges complained of as given for plaintiff were not rendered objectionable by the use of the word "authorized" therein, as the discretion of the jury was not withdrawn.—*Patton v. State,* 156 Ala. 28. The court was not in error in refusing charge 7 requested by defendant, as the book of ordinances was introduced showing that the ordinances went into operation January 25, 1906, and contained the two ordinances set up in the complaint.— Secs. 1259 and 3989, Code 1907.

WALKER, P. J.—This was an action by the appellee to recover damages for injuries to his person and property resulting from a collision in a street in the city of Birmingham between a delivery wagon, which he was driving, and an engine of the defendant, which was being operated across the street. In the several counts of the complaint upon which the case went to the jury

the injuries complained of were attributed, respectively, to the simple negligence, charged in general terms, of the defendant's servants, agents, or employees in charge of the engine in causing the collision, to their willfully, wantonly, or intentionally doing so, and to the violation of certain municipal ordinances, which were set out, regulating the speed of trains within the city, and requiring in stated circumstances, the use of certain signals and headlights, the flagging of trains, and the keeping of watchmen or flagmen.

The criticism directed in argument against written charges 1 and 2, given at the request of the plaintiff, is based upon their use of the word "authorized," the contention being that that word as it was there used imported such a direction or command to the jury as to what they should do in the event stated as to deprive them of the right or discretion to do otherwise. Neither of the charges is fairly subject to such a criticism. Such a statement to the jury as to what they are "authorized" to do in the event of their finding from the evidence the existence of the hypothesized state of facts is an appropriate way of informing them of the extent of their authority or legal power in such event, and does not suggest or indicate that they are bound to go to the limit of their power or authority, or that they are required to reject any testimony which they find to be credible.—*Kress, et al. v. Lawrence,* 158 Ala. 652, 47 South. 574; *Louisville & Nashville R. Co. v. Seale,* 160 Ala. 584, 49 South. 323.

Count 7 of the complaint as it was amended averred that the described collision complained of occurred at a crossing in the city of Birmingham at which, under the terms of a city ordinance, which was set out, it was the duty of all persons having charge of locomotives, cars, or trains to bring the same to a full stop before crossing, and when any such locomotive, car, or train

[Seaboard Air Line Railway Company v. Taylor.]

approaching such place has been stopped as required, it shall not be moved forward on or over such crossing until signaled to go forward by a watchman at such crossing.  Following these averments were others to the effect that the injury and damage complained of were proximately caused by the negligence of the defendant's servants, agents, or employees who were in charge of said train, and while acting within the line and scope of their employment, in this: "That said defendant's servants, agents, or employees negligently and in violation of section 651 of the City Code of Birmingham, Ala., did negligently cause said train to be moved forward on and across said Eighteenth street without its having been signaled to go forward by a watchman at such Eighteenth street."  This count plainly specifies, as the actionable negligence for which a recovery is sought, the alleged violation of the provision contained in the municipal ordinance mentioned. It is not a count which charges negligence in general terms.  It specifies the particular act or omission which is relied on as the basis of a recovery.  Plainly nothing other than the alleged violation of the ordinance is counted on.  This, and nothing else, is set up as constituting the negligence complained of.  In order for the negligence counted on to be shown, it was requisite to prove the existence of the alleged ordinance.—*Adler v. Martin,* 178 Ala., 59 South. 597.  In the absence of such proof the defendant is not shown to have been under the special duty for a breach of which the count in question seeks to charge it with liability.  No such evidence was offered.  In this situation the defendant was entitled to require the court to give written charge 7, requested by it.  The effect of the refusal to give that charge was to leave before the jury for its consideration a count a material averment of which was unsupported by evidence.  The record furnishes no data which would

enable the court to refer the general verdict rendered to some other count or counts of the complaint rather than to this one upon which a verdict could not properly have been based because of the lack of evidence requisite to support its averments. It follows that the refusal to give the charge mentioned was prejudicial error.

We do not find any reversible error in other rulings of which complaint is made. The questions presented are not such as to call for a discussion of them.

Reversed and remanded.