# Hill *v.* Condon.

### Injury to Automobile.

(Decided November 9, 1915.   70 South. 208.)

1. **Municipal Corporation; Use of Street; Violating Ordinance.**—The violation of a statute or an ordinance is negligence per se, and one injured proximately thereby may recover for such injuries against the violator, hence, where the action was for damages to an automobile caused by a runaway horse, an ordinance prohibiting horses to be left untied and unattended on the street, together with proof of its violation by defendant, and that the horse so left untied and unattended ran away, and ran into plaintiff's automobile, was admissible.

[Hill v. Condon.]

2. **Evidence; Documents; Municipal Code.**—A printed code of ordinances of a city purporting to have been published by the authority of the city council is admissible in evidence under the express terms of §§ 1259 and 3989, Code 1907.

3. **Same; Presumptions; Continuance.**—Where the ordinance introduced purported to have gone into effect in 1906, it will be presumed to continue in effect.

4. **Damages; Mitigation; Insurance.**—A person through whose negligence an automobile was damaged by a runaway horse was not entitled to have the damages reduced on account of the fact that plaintiff had insurance on the automobile against accident, and evidence of such insurance was not admissible.

5. **Depositions; Objections; Time.**—Where a deposition was regularly taken and returned, a portion of the depostiion could not be objected to at the time of the trial, as not being responsive to the interrogatories, or as stating more or less than was called for by the interrogatories, in the absence of a showing that the objector had no opportunity of making the objection at an earlier period.

6. **Same.**—Where defendant was represented by counsel at the oral examination of plaintiff by a commission, and he did not then, or prior to the trial, object to a question as to the cost of repairs made by plaintiff on her automobile, and to her testimony that she was told that the amount paid was a reasonable amount for such repairs, such objection could not be made at the trial.

7. **Appeal and Error; Curing Error; Evidence.**—If there was error as to the objectionable feature of a question calling for the cost of making repairs on the car, the error was cured by a subsequent question as to whether the amount paid was a reasonable amount, to which plaintiff testified without objection that she was told that it was.

8. **Trial; Reception of Evidence; Effect.**—Parties may try their cases on illegal evidence if they choose to do so, and the fact that evidence was hearsay that the amount paid for repairs on the automobile was a reasonable amount, where no objection was interposed, would support a judgment for the amount paid.

9. **Appeal and Error; Review; Reservation of Ground.**—Under § 7, Acts 1888-9, p. 800, the correctness of the conclusion and judgment of the circuit court on the evidence cannot be reviewed where no exception to the judgment is taken.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Mrs. Eva H. Condon against J. E. Hill, for damages to an automobile. Judgment for plaintiff and defendant appeals. Affirmed.

WHEELER & WHITAKER, for appellant. FRANK S. WHITE & SONS, and J. M. GILLESPIE, JR., for appellee.

THOMAS, J.—Action by appellee, Condon, against appellant, Hill, for injuries done to the former's automobile by the latter's

horse, which, with a buggy attached to him, ran away and ran into said automobile; it being alleged that defendant negligently left said horse untied and unattended on the streets of Birmingham, in violation of a city ordinance, as a proximate consequence of which, it was alleged, the horse ran away and ran into said automobile.

(1) It was entirely permissible for plaintiff to introduce in evidence said ordinance, together with proof tending to show its violation by defendant, and that the horse so left untied and unattended by defendant ran away and ran into plaintiff's automobile; since the violation of a statute or ordinance is negligence per se, and a person proximately injured thereby may recover for such injuries against the violator of the law.—*Watts v. Montgomery Traction Co.*, 175 Ala. 102, 57 South. 471; *Excelsior Steam Laundry v. Lomax*, 166 Ala. 612, 52 South. 347.

(2, 3) The printed code of ordinances of the city of Birmingham, purporting to have been published by the authority of the council, containing as section 875 the ordinance in question, which was introduced in evidence by plaintiff, and which purported to go into effect on January 25, 1906, and which is presumed to continue in effect met every objection interposed to it by defendant.—Code, § 1259; Code, § 3989; *Excelsior Steam Laundry v. Lomax, supra; Montgomery Street Ry. Co. v. Smith*, 146 Ala. 325, 39 South. 757; *Southern Ry. Co. v. Weatherlow*, 153 Ala. 171, 44 South. 1019; *Adler v. Martin*, 179 Ala. 97, 59 South. 597; *Seaboard Air Line Ry. Co. v. Taylor*, 9 Ala. App. 628, 64 South. 187.

(4) The fact that plaintiff carried insurance on the automobile against accident, and that she had been paid in part, or even in full, by the insurance company for the damages sustained as the result of defendant's horse running into said automobile with a buggy, was not admissible for the purpose of reducing the damages recoverable for defendant's negligence in permitting said horse to run away.

In 1 Sutherland on Damages (3d Ed.) p. 406, it is said: "Nor will proof of money paid to the injured party by an insurer or third person by reason of the loss or injury be admissible to reduce damages in favor of the party by whose fault the injury was done. * * * The payment of such moneys not being procured by the defendant, and they not having been either paid or received to satisfy in whole or in part his liability, he can

derive no advantage therefrom in mitigation of damages for, which he is liable. As has been said by another: "To permit a reduction of damages on such ground would be to allow the wrongdoer to pay nothing and take all the benefit of a policy of insurance without paying the premium.'"

This doctrine has received the sanction of our own Supreme Court, and been applied in the case of *Long, et al. v. Kansas City, Memphis & Birmingham Ry. Co.*, 170 Ala. 641, 54 South. 62.

(5) Where the deposition of a witness has been regularly taken and returned, the objection cannot be sprung for the first time on the trial of the case that any portion of the deposition is not responsive to the interrogatories, or that it states either more or less than was called for by the interrogatories, unless the objection is accompanied by proof that the objector had no opportunity of making the objection at an earlier period.—*McCreary v. Turk*, 29 Ala. 244, and the many cases cited in the report of this case in West Publishing Company's annotated edition of Alabama Reports; *Sowell v. Bank of Brewton*, 119 Ala. 95, 54 South. 585; *Mississippi Lumber Co. v. Smith*, 152 Ala. 540, 44 South. 475.

(6-8) The defendant, who, by his counsel, was present at the oral examination, before a commissioner, of plaintiff (a woman) as a witness for herself, and who thus had opportunity then to make objection to her answer to the question as to what was the reasonable cost of the repairs to her automobile, made no objection to her answer to such question. Later, before the trial was entered upon, he again had opportunity to object to said answer, and still made no objection, but suffered the plaintiff to enter on the trial relying upon such answer as evidence of the reasonable costs of such repairs, and raised no objection until such answer was being read at the trial. We hold that the objection came too late. Under such circumstances the law does not allow the objection to be sprung for the first time on the trial "to the delay of the cause and at the hazard of greater risk to the plaintiff."—Authorities supra.

The objectionable feature of the question seeking to elicit the answer mentioned, to-wit, "What was the cost of the repairs you had made on the car?" was, after being answered by the witness in a statement to the effect that the Drennen Motor Car Company charged her $87.58, cured by the subsequent question to her, to-wit, "That was a reasonable amount to pay for the

[Hill v. Condon.]

costs of repairs [was it not] ?" There was no objection at any time to the answer, "Yes; that is what I am told," until, as said, at the reading of the answer on the trial, which, as before pointed out, came too late. There was no dispute whatever but what said sum was the reasonable cost of such repairs; and, while the plaintiff's testimony as to that fact was hearsay, the objection to it was not seasonably interposed, and it is therefore sufficient to sustain the judgment of the court, which was rendered for said sum, $87.58. The objection should have been interposed at the oral examination of the witness before the commissioner, at which it appears defendant's counsel was present and cross-examined the witness.—Authorities supra *Boykin v. Collins,* 20 Ala. 230; *Sowell v. Brewton,* 119 Ala. 93, 24 South. 585; *Bank v. Rivers,* 116 Ala. 1, 22 South. 580, 67 Am. St. Rep. 95; 3 Mayf. Dig. 23, § 18; Id., 26, § 19.

Parties may try their cases on illegal evidence, if they choose to do so.—*Higdon v. Kennemer,* 112 Ala. 167, 20 South. 313; *Moon v. Crowder,* 72 Ala. 79.

(9) The case was tried by the court without the intervention of a jury. There was no special finding of facts, but the bill of exceptions purports to set out all the evidence introduced in the case on the trial, and the appellant assigns as error the judgment of the court rendered against him on this evidence. The record fails to disclose, however, that the appellant took any exception to the judgment so rendered. We are therefore without authority to review on appeal the correctness of the conclusion and judgment of the court upon the evidence; the appeal being from the circuit court of Jefferson county, where a special act (Acts 1888-89, pp. 797-800, § 7) making such exception necessary, and not section 5361 of the Code, prevails.—*Greek-American Produce Co. v. L. & N. R. R. Co.,* 1 Ala. App. 275, 55 South. 455.

We have discussed all the errors assigned, and, as we find none, the judgment appealed from is affirmed.

Affirmed.