LOUISVILLE & N. R. CO. v. WESTERN UNION TELEGRAPH CO.

(Circuit Court of Appeals, Fifth Circuit. May 15, 1916.)

No. 2772.

1. APPEAL AND ERROR ⚙═231(1)—PRESENTATION OF GROUNDS OF REVIEW IN COURTS BELOW—OBJECTIONS—SUFFICIENCY.

Where complainant objected below to the admission in evidence of a transcript of prior proceedings between the same parties on the ground that it was not properly authenticated, and there was nothing to call the trial court's attention to the fact that the name of the clerk appearing at the foot of the certificate, which was under the seal of the court, was in typewriting, that objection cannot be taken advantage of on appeal, for the defect might easily have been obviated, had attention been called to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1352; Dec. Dig. ⚙═231(1); Trial, Cent. Dig. §§ 194, 206.]

2. JUDGMENT ⚙═570(4)—CONCLUSIVENESS—EFFECT OF.

Where complainant's bill, filed in the state court, which presented the same issues as that filed in the federal court, was dismissed, the decree of dismissal is a conclusive adjudication, precluding complainant from maintaining a bill in the federal court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1031; Dec. Dig. ⚙═570(4).]

3. COURTS ⚙═522—PRIORITY OF JURISDICTION—DISTRICT COURTS—INJUNCTION —RIGHT TO MAINTAIN.

Where the Federal District Court of one district issued an injunction against certain acts, complainant cannot by bill in another district be granted relief against such injunction, and permission to perform the acts enjoined.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1444; Dec. Dig. ⚙═522.]

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Bill by the Louisville & Nashville Railroad Company against the Western Union Telegraph Company. From a decree dismissing the original bill and the supplemental bill, complainant appeals. Affirmed.

Gregory L. Smith, of Mobile, Ala., for appellant.

George H. Fearons, of New York City, J. B. Harris, of Jackson, Miss., and Charles P. Fenner and W. B. Spencer, both of New Orleans, La., for appellee.

Before PARDEE and WALKER, Circuit Judges, and NEWMAN, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing the original bill and a supplemental bill filed in the District Court. That decree followed a motion of the defendant to dismiss the bill for the reason that the merits of the cause have been fully adjudicated adversely to the complainant in a suit instituted by it in a court of the state of Mississippi against the defendant, and to dismiss the supplemental bill for the reason that the same was filed in violation of an injunction issued by the District Court of the United States for the Western District of Kentucky in a suit between the same parties.

[1] On the hearing of the motion the defendant offered in evidence what purported to be a transcript of the proceedings, including a final decree of dismissal, in a suit between the same parties in a chancery court of Mississippi. The plaintiff objected to so much of that paper as purported to be a decree of the chancery court, upon the ground that it was not properly authenticated as a final decree of said court. The evidence was admitted over this objection. This ruling is assigned as error. It is urged upon us as a ground supporting the objection to the admissibility of the purported transcript that the name of the clerk of the court appearing at the foot of the certificate, which was under the seal of the court, was in typewriting. There is nothing in the record to indicate that this specific ground of objection to the evidence offered was called to the attention of the trial court or made known to the opposing party or its counsel. In the statement of the evidence which was made part of the record for this appeal, there is a recital in reference to the paper offered and admitted in evidence that every part of it was in typewriting. It is not made to appear that in any way attention was called to this fact prior to the recital of it in the statement of evidence prepared and submitted after the decree appealed from was rendered. An appellate court is not required to regard such a general objection to evidence, made in such terms as to be calculated to conceal rather than disclose the real reason relied on for the rejection of the evidence. The objection as made cannot be permitted to form the basis of a reversal of the decree, because it failed to point out in what respect the authentication of the state court decree was deemed to be insufficient, and failed to make known to the court or to opposing counsel the ground of objection really relied on. Ottumwa Box Car Loader Co. v. Christy Box Car Loader Co., 215 Fed. 362, 131 C. C. A. 504; 38 Cyc. 1388. It well may be supposed that the ground of objection now urged could and would readily have been obviated if it had been made known.

[2] The bill in the state court presented substantially the same issues as were presented by the original bill in this case. Those issues were adjudicated against the appellant by the decree of the state court dismissing the bill filed in it, and are not subject to be relitigated in this case. Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; Forsyth v. Hammond, 166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095; Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 Sup. Ct. 418, 45 L. Ed. 627.

[3] The supplemental bill filed by the appellant prayed for an injunction restraining and enjoining the defendant, the appellee here, from maintaining and operating upon the rights of way of the appellant the poles, wires, and other telegraphic appliances which the appellee had constructed, maintained, and operated upon said rights of way under a contract with the appellant which it was alleged expired on August 17, 1912. By writs of injunction issued under orders made in a suit between appellant and appellee in the United States District Court for the Western District of Kentucky, certified copies of which were made exhibits to the appellee's answer to the supplemental bill, the appellant was enjoined and restrained from taking possession of or interrupting the appellee in the use of any of its poles, wires, or

other apparatus situated upon the right of way of the defendant, which was referred to in the original and supplemental bills in this case, and by the terms of the last of said orders the injunction issued thereunder was to be operative until the further order of the court from which it issued. We think it is apparent that the necessary effect of granting the relief which the supplemental bill prayed would be to enable the appellant to do, under the protection of the orders of one court, what it has been forbidden to do by a valid order of another court, which is in full force and effect. A bill, the object of which is to bring about such a result, is not maintainable.

The conclusion is that it has not been made to appear that the decree appealed from was erroneous, and it is affirmed.

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes