(77 South. 969)

## HENRY v. STATE.   (6 Div. 338.)

(Court of Appeals of Alabama.  Feb. 12, 1918.)

CRIMINAL LAW ⊜➾1094—ABSENCE OF BILL OF EXCEPTIONS.

There being no bill of exceptions and no error of reversible nature appearing in the record, judgment of conviction will be affirmed.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Shan Henry was convicted of grand larceny and appeals. Affirmed.

W. Shan Henry, pro se.  F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J.  The defendant was indicted, tried, and convicted of the offense of grand larceny in the circuit court of Jefferson county, and was sentenced to the penitentiary for a term of ten years. From this judgment of conviction he appeals; the appeal is taken on the record proper without bill of exceptions. The clerk of the court certifies under seal of office that the time for filing the bill of exceptions in this cause has expired, and that no bill of exceptions has been filed in his office. A careful examination of the record fails to disclose any error of a reversible nature. The indictment is in regular form as required by law, and charges grand larceny. It was not subject to demurrer interposed, and the court committed no error in overruling the demurrers. The sentence pronounced was authorized by the statute prescribing the penalty for grand larceny. From the record, it appears that all the proceedings of the lower court were regular, and without error, and therefore, the judgment of conviction is affirmed.

Affirmed.

(78 South. 167)

## BENJAMIN v. CITY OF MONTGOMERY. (3 Div. 284.)

(Court of Appeals of Alabama.  Feb. 5, 1918.)

MUNICIPAL CORPORATIONS ⊜➾639(2)—POLICE REGULATIONS — POLICIES — SUFFICIENCY OF COMPLAINT.

A complaint by a city, charging that defendant within the limits and police jurisdiction of such city had in his possession more than one quart of whisky in receptacles of the capacity of less than a quart, in violation of a specified section of the prohibition law of the city, was defective, in that it failed to make averments of its authoritative ordination as a rule of conduct in the municipality.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Arthur Benjamin was convicted of violating a municipal ordinance, and he appeals. Reversed and remanded.

Brassell & Brassell, of Montgomery, for appellant.  Warren E. Andrews, of Montgomery, for appellee.

BRICKEN, J.  This prosecution originated in the recorder's court of Montgomery. On appeal to the circuit court, the defendant was tried upon the following complaint:

"The city of Montgomery complains that Arthur Benjamin, on or about the 26th day of December, 1916, within the limits of said city, county and state, and within the police jurisdiction of the city of Montgomery, did possess or have in his possession more than one quart of whisky in bottles or receptacles of the capacity of less than a quart, in violation of section 23 of the prohibition law of the city of Montgomery."

Under the authority of Rosenberg v. City of Selma, 168 Ala. 195, 52 South. 742, we must hold that the complaint filed in the circuit court is defective, in that it fails to make averments of its authoritative ordination as a rule of conduct in the municipality, as pointed out by the first ground of demurrer. The complaint having omitted the necessary averment of its authorized ordination by the municipality, the demurrer thereto should have been sustained. And for the error in overruling the demurrer, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.