(88 South. 192)

BOUYER v. CITY OF BESSEMER.
(6 Div. 718.)

(Court of Appeals of Alabama. Jan. 11, 1921.)

1. MUNICIPAL CORPORATIONS ⟨⟩642(3) — OMISSIONS IN RECORD IMMATERIAL ON APPEAL FROM CONVICTION OF VIOLATING ORDINANCE.

Where defendant, having been convicted in the recorder's court of the city of Bessemer of violating an ordinance of that municipality, appealed to the circuit court, and trial de novo was had, he cannot complain that a full and complete transcript was not sent to the circuit court.

2. MUNICIPAL CORPORATIONS ⟨⟩639(2)—COMPLAINT CHARGING VIOLATION OF ORDINANCE MUST MAKE AVERMENTS OF ITS AUTHORITATIVE ORDINATION.

A complaint, charging a violation of a municipal ordinance, must aver its authoritative ordination as a rule for conduct in the municipality, and where the complaint fails to make such averments it is defective.

3. MUNICIPAL CORPORATIONS ⟨⟩122(2)—ORDINANCE SHOWN TO HAVE BEEN PUBLISHED BY AUTHORITY OF COUNCIL PRESUMED TO CONTINUE IN EFFECT.

Under Code 1907, §§ 1259, 3989, an ordinance, contained in a printed code of ordinances purporting to have been published by authority of the council, which showed that the ordinance had previously become effective, is presumed to continue in effect.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. MUNICIPAL CORPORATIONS ⚜️640—IN A PROSECUTION FOR RESISTING CITY OFFICER MAKING ARREST, IT IS SUFFICIENT THAT THE OFFICER WAS AUTHORIZED UNDER THE STATE LAW TO MAKE THE ARREST.

In a prosecution for violating an ordinance making it an offense to resist a city officer in making the legal arrest, where it was asserted that defendant resisted an arrest sought to be made by a city officer for violation of Acts 1911, p. 637, making it unlawful to operate a motor vehicle without certificate of registration displayed on the rear, and making it the duty of county, city, and village officers to enforce the law, it is unnecessary to show that defendant was subject to arrest under city ordinance.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Pleas Bouyer was convicted in the recorder's court of the City of Bessemer of violating a city ordinance, and appealed to the circuit, and from a judgment of conviction there, he again appeals. Reversed and remanded.

The complaint is as follows:

Now comes the city of Bessemer, Ala., and complains that within six months prior to the commencement of this prosecution, and within the limits of the city of Bessemer, Pleas Bouyer did violate section 781, of the Code of the city of Bessemer, which section reads as follows: "Any person who knowingly or willfully opposes or resists any officer of the city in serving, executing or in attempting to serve or execute any legal process, or in making or in attempting to make any lawful arrest, or in discharge of any lawful duty or who in any way interferes with, hinders or prevents, such officer from discharging his duty, must on conviction be fined not less than one nor more than one hundred dollars, and against the peace and dignity of the city of Bessemer."

The demurrers thereto are that the complaint does not state a cause of action, that it does not charge the defendant with the violation of any ordinance, and that it is void because of not being signed by any one, authorized by any one.

The ordinance was introduced, and on the first page of the book, in which the ordinance was, the following appears:

"The new City Code of Bessemer, Alabama, adopted September 3, 1895, laws of the corporation in force at that time, including the charter and amendments thereto, prepared by L. Y. Lipscomb, city solicitor, and published by authority of the council of Bessemer."

On page 51 of the same book was the ordinance passed at a regular meeting of the council, on September 3, 1895, adopting the new City Code of Bessemer, from section 1 to section 813, inclusive, among them section 781 above quoted.

Benton & Bentley, of Bessemer, for appellant.

Counsel insist, without citation of authority, that the abstract from the recorder's court was sufficient to give the circuit court jurisdiction. The complaint was not sufficient. 168 Ala. 195, 52 South. 742; 16 Ala. App. 389, 78 South. 167.

Proper proof of the ordinance was not made. Section 1220, Code 1907; 4 Ala. App. 287, 58 South. 949; 179 Ala. 97, 59 South. 597; 166 Ala. 612, 52 South. 347. The courts do not take judicial notice of city ordinances. 30 Atl. 538; 54 Ala. 263; 60 South. 963.

G. H. Bumgardner, of Bessemer, for appellee.

Defendant cannot complain of the paucity of the transcript. The complaint was sufficient. 50 Ala. 486; 134 Ala. 414, 32 South. 731; 4 Ala. App. 287, 58 South. 949. The ordinance was sufficiently proven. 14 Ala. App. 332, 70 South. 208; section 1220, Code 1907. The officer was attempting to enforce a duty placed upon him under Acts 1911, p. 637. Sections 6267–6269, Code 1907; 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27; 147 Ala. 79, 41 South. 761.

MERRITT, J. The appellant was convicted in the circuit court of Bessemer of the offense of resisting an officer. The case originated in the recorder's court of the city of Bessemer, and while the judgment of that court so set out in the record does not show for what offense he was convicted, the appeal bond executed by the defendant shows that it was for such an offense. In the circuit court the solicitor filed a complaint, setting out in hæc verba the ordinance, which the defendant was charged with violating.

[1] The defendant's counsel moved to dismiss the cause, contending there was nothing in the record showing the case had been tried and appealed to the circuit court; that there was no transcript or judgment showing that the recorder had tried the defendant, and that the cause was improperly in the circuit court. This motion was properly overruled. The trial in the circuit court was de novo, and we fail to see how the defendant could have been hurt because a more full and complete transcript was not sent to the circuit court.

[2] The decisions of this and the Supreme Court are to the effect that, where one is charged with a violation of a city ordinance, it is necessary to make averments of its authoritative ordination as a rule of conduct in the municipality. The complaint in this case failing to make such averments was subject to the demurrer. Rosenberg v. City of Selma, 168 Ala. 195, 52 South. 742; Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 South. 167.

[3] The printed code of ordinances of the city of Bessemer, purporting to have been published by authority of the council, con-

taining as section 781 the ordinance in question, which was introduced in evidence, and which purported to go into effect September 3, 1895, and which is presumed to continue in effect, met every objection interposed to it by the defendant, Code §§ 1259, 3989; Hill v. Condon, 14 Ala. App. 332, 70 South. 208; Montgomery St. Ry. v. Smith, 146 Ala. 325, 39 South. 757; So. Ry. Co. v. Weatherlow, 153 Ala. 171, 44 South. 1019; Adler v. Martin, 179 Ala. 97, 59 South. 597; Seaboard Air Line Ry. Co. v. Taylor, 9 Ala. App. 628, 64 South. 187.

[4] The evidence for the state tended to show that the arrest of the defendant was made for a violation of the state law, which requires that no person shall operate or drive a motor vehicle * * * unless such vehicle shall have the certificate of registration displayed on the rear of such vehicle, Acts 1911, p. 637. Under this act it is made the duty of "Officers of the counties, cities, towns or villages, as well as boards, committees, and other public officials of such counties, cities, towns or villages" to enforce this law. The evidence tending to show a violation of this law, it was not necessary for the city to show that it had an ordinance to like effect. The arrest was for a violation of the state law. The prosecution here is for the violation of a city ordinance, committed while making an arrest for a violation of the state law.

For the error pointed out, the judgment of conviction is reversed.

Reversed and remanded.