## MILLER v. CITY OF ANDALUSIA.
### (4 Div. 190.)

(Court of Appeals of Alabama.  Feb. 9, 1926.)

**1. Indictment and information ⊕=54—Solicitor not proper official to sign complaint for violation of liquor ordinance.**

Complaint of municipality, signed by its solicitor charging possession and disposition of prohibited intoxicating liquor against the laws and ordinances of the city, *held* demurrable as not signed by proper official.

**2. Intoxicating liquors ⊕=211.**

Complaint charging possession and disposition of prohibited intoxicating liquor against the laws and ordinances of city *held* not to allege offense.

**3. Indictment and information ⊕=63.**

Complaint charging possession and disposition of prohibited intoxicating liquor against the laws and ordinances of city *held* demurrable as stating conclusion only.

**4. Intoxicating liquors ⊕=200.**

Complaint charging liquor offense, but not setting out substance of ordinances alleged to have been violated, and showing adoption, *held* demurrable.

**5. Criminal law ⊕=429(1).**

In prosecution by municipality for liquor offense in violation of ordinances, admission of ordinances *held* not error (Code 1923, § 2000).

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Prosecution by the City of Andalusia against E. B. Miller. From a judgment of conviction, defendant appeals. Reversed and remanded.

The complaint upon which the defendant was tried in the circuit court is as follows:

"Comes the city of Andalusia by and through its solicitor, and complains of Esker Miller, alias E. B. Miller, as follows:

"(1) That on or about the 22d day of February, 1925, and within the corporate limits of the city of Andalusia, Esker Miller, alias E. B. Miller, did sell, transport, keep, possess, store, or otherwise dispose of spirituous, vinous, malted, fermented, or other intoxicating or prohibited liquors and beverages against the laws and ordinances of the city of Andalusia.

"(2) That on or about the 22d day of February, 1925, and within the corporate limits of the city of Andalusia, Ala., Esker Miller, alias E. B. Miller, did sell, barter, or exchange spirituous, vinous, malted, fermented, or other intoxicating prohibited liquors and beverages against the laws and ordinances of the city of Andalusia.                E. O. Baldwin,

"Solicitor for the City of Andalusia."

These grounds of demurrer were interposed by the defendant to the complaint:

(1) Said statement or information is not signed by any person or official.

---

(2) Said statement or information is not signed by the proper official.

(3) Said statement alleges no offense against the defendant.

(4) Said statement is not signed or purported to be signed by the city attorney.

(5) Said statement states a conclusion only.

(6) Said statement or information alleges that within the "city of Andalusia Esker Miller, alias E. B. Miller, did sell, transport, keep, possess, store, or otherwise dispose of spirituous, vinous, malted, fermented, or other intoxicating or prohibited liquors and beverages, against the laws and ordinances of the city of Andalusia," and which said allegation is only the conclusion of the pleader.

(7) Counts 1 and 2 in said statement or information do not set out the substance of the ordinance referred to and its adoption.

(8) Counts 1 and 2 in said statement or information do not show that the city ordinance which the defendant is accused of violating had been duly and legally adopted by the city of Andalusia, and said counts further fail to set out or allege the substance of said city ordinance, as required by law, and fail to allege the existence of any valid ordinance adopted and approved by the proper city authority prior to the commission of said offense prohibiting the offense alleged.

Marcus J. Fletcher, of Andalusia, for appellant.

The complaint was subject to the demurrer interposed. Trimble v. Haleyville, 20 Ala. App. 13, 101 So. 523; Miles v. Montgomery, 81 So. 351, 17 Ala. App. 15; Barnes v. Huntsville, 94 So. 188, 18 Ala. App. 646; Rosenberg v. Selma, 52 So. 742, 168 Ala. 198; Benjamin v. Montgomery, 78 So. 167, 16 Ala. App. 389; Eberlin v. Mobile, 30 Ala. 550; Goldthwaite v. Montgomery, 50 Ala. 487; Tomlin v. Birmingham, 19 So. 521, 109 Ala. 245.

E. O. Baldwin, of Andalusia, for appellee.

Brief of counsel did not reach the Reporter.

RICE, J. [1-4] Appellant was convicted of the offense of violating an ordinance of the city of Andalusia.

The case originated in the recorder's court of said city, and, appealing from his conviction there to the circuit court of Covington county, the appellant was put to trial upon a complaint filed in said circuit court charging him in substance and effect with possessing or disposing of prohibited intoxicating liquors "against the laws and ordinances of the city of Andalusia." The complaint was subject to the demurrers interposed, and the court erred in overruling them. Benjamin v. City of Montgomery, 78 So. 167, 16 Ala. App. 389; Rosenberg v. City of Selma, 52 So. 742, 168 Ala. 195; Bouyer v. City of Bessemer, 88 So. 192, 17 Ala. App. 665.

[5] There was no error in admitting in evidence the city ordinance involved. Code 1923, § 2000.

The other questions presented will not likely arise on another trial.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.