## FRATES et al. v. EASTMAN et al.
### No. 549.

Circuit Court of Appeals, Tenth Circuit.
March 17, 1932.

COTTERAL, Circuit Judge, dissenting.

R. A. Kleinschmidt and Marvin T. Johnson, both of Tulsa, Okl., for appellants.

Samuel A. Boorstin and John F. Conway, both of Tulsa, Okl., for appellee.

Before LEWIS, COTTERAL, and Mc-DERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The plaintiff, a seven year old boy, was injured when the Chevrolet car in which he was riding with his mother collided at a street intersection with a bus operated by the defendants. He recovered judgment for $1,-000, and the defendants appeal.

1. Error is assigned because the court denied a motion for an instructed verdict. It is argued that one of plaintiff's witnesses testified that the Chevrolet struck the bus, instead of the bus striking the Chevrolet; and that the bus stopped within a few feet from the point of impact. There was a dispute in the evidence on these points; but, were it otherwise, these facts alone are not conclusive on the question of fault. Where cars collide at an intersection, one of the drivers

is generally at fault; which one it is does not depend upon the precise location of the cars at the moment of impact, nor upon the question of speed at that moment. One must look further back than the moment of impact to ascertain the fault. If a car races into an intersection, or enters upon the wrong side of the street, or fails to yield the right of way to one entitled, it is no answer to say: "I was at fault, but I had almost stopped, and besides, I so nearly cleared the other car that the impact was between the rear end of my car and the front end of the other." While the evidence was conflicting, one disinterested witness testified that the bus was on the left side of the street; that it was traveling 30 miles an hour; that the Chevrolet was two-thirds of the way across the intersection when the collision occurred; others testified that the Chevrolet entered the intersection first. This is ample evidence to carry the case to the jury.

█ 2. Error is assigned because the court admitted, over objection, city ordinances which limited the speed of automobiles at intersections to 15 miles per hour, and which required that vehicles shall be driven on the right side of the street at intersections. The record discloses the following:

"Mr. Conway: We offer in evidence Section 7 of Article 3 of the Ordinances of the City of Tulsa; Section 8, subsection 3, of Section 8, and Section 9, and Section 80.

"Mr. Kleinschmidt: What is this you are reading from. I don't know whether these are the ordinances in effect at that time or not.

"Mr. Conway: The statutes of this state say that any copy of ordinances purporting to be published by any city or municipality are admissible in evidence without further proof, and this one purports to be published by the City of Tulsa in November, 1929, and I have pleaded those in my petition.

"Mr. Kleinschmidt: I understand, but I don't know whether they are the ordinances in force or not and I am not ready to admit it. Of course, there might be a lot of changes in the ordinance between the time those were published and the date of this accident, March 14, 1930. * * *

"Mr. Kleinschmidt: To this offer and to each section of the purported ordinances the defendants object as incompetent, irrelevant, and immaterial, no proper foundation having been laid, and no proper proof that such ordinances were in force and effect at the time of the alleged accident.

"The Court: Overruled, they may be received.

"Mr. Kleinschmidt: Exception.

"The Court: I will give you the opportunity to offer in evidence if you wish on that proposition of what the ordinances may be."

While the formal objection was comprehensive, the specific objection to which counsel emphatically directed the attention of the trial court was "there might be a lot of changes in the ordinance between the time those were published and the date of this accident." That objection is not renewed here, and it is not sound, for the burden is not upon one who introduces an official compilation to prove that a particular ordinance has not been amended or repealed. To prove such negative would require the introduction of all subsequent ordinances or statutes, or reliance upon opinion evidence. As a rule of convenience, the burden is on the adversary to introduce proof of repeal or modification, and full opportunity was afforded the appellants to offer such proof. Cragg v. Los Angeles Trust Co., 154 Cal. 663, 98 P. 1063, 16 Ann. Cas. 1061; Bouyer v. City of Bessemer, 17 Ala. App. 665, 88 So. 192.

Section 645 of the Compiled Statutes of Oklahoma, 1921, provides: "Printed copies of any of the ordinances, resolutions, rules, orders, and by-laws of any city or incorporated town in this State purporting to be published by authority of such city or incorporated town, or manuscript copies of the same, certified under the hand of the proper officer, and having corporate seal of such city or town affixed thereto, shall be received as evidence."

██ The appellants now object to the ordinances on the ground that there was no proof that the compilation offered purported to be published by authority of the city. The objection is not well taken, for two reasons. In the first place, the appellants in the court below expressly waived the point. When the compilation was offered, appellants' counsel asked: "What is this you are reading from?" Appellee's counsel replied by referring to the quoted statute, and said: "And this one purports to be published by the City of Tulsa in November, 1929, and I have pleaded those in my petition." Whereupon appellants' counsel stated: "I understand, but I don't know whether they are the ordinances in force," etc. There is no room here to quibble; there can be but one interpretation of this colloquy, and but one mean-

524

ing to be ascribed to his statement, "I understand." He brushed aside proof as to the purported publication, and centered his fire on the proposition that "there might be a lot 'of' changes" in the five months that elapsed between their publication and the accident. In the second place, the law is abundantly settled that counsel may not specifically call the attention of the trial court to one ground of objection, and then, under a blanket objection, direct our attention to another. Frey & Son, Inc., v. Cudahy Packing Co., 256 U. S. 208, 41 S. Ct. 451, 65 L. Ed. 892; Robinson & Co. v. Belt, 187 U. S. 41, 50, 23 S. Ct. 16, 47 L. Ed. 65; United States v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696; Guarantee Co. of North America v. Phenix Ins. Co. of Brooklyn (C. C. A. 8) 124 F. 170; Ottumwa Box Car Loader Co. v. Christy Box Car Loader Co. (C. C. A. 8) 215 F. 362; Louisville & N. R. Co. v. Western Union Telegraph Co. (C. C. A. 5) 233 F. 82; Arkansas Bridge Co. v. Kelly-Atkinson Const. Co. (C. C. A. 8) 282 F. 802; Monument Pottery Co. v. Imperial Coal Corporation (C. C. A. 3) 21 F.(2d) 683.

The judgment is affirmed.

COTTERAL, Circuit Judge (dissenting).

I dissent on the ground that the city ordinances of Tulsa were erroneously received in evidence. They were important as they imposed certain duties of drivers on the streets and the court charged the jury to consider them. To be entitled to admission, those ordinances were required to purport to be ordinances and to be certified under the hand and seal of the proper city officer. Section 645, Comp. Stat. Okl. 1921. They were not so certified, but offered on the theory that, purporting to be ordinances, they were admissible. One object of the statute was doubtless to establish that such ordinances were in force. The objection was first made on that ground with the assumption they were city ordinances, yet insisting they were not shown to have been in force at the time of the accident. When the objection on that ground was unavailing, the defendants, before the ordinances were read, also objected to them as incompetent, irrelevant, and immaterial, and not based on a proper foundation. It is to be noted that the objection was not limited as first made, but was more far-reaching, adding that element to the other grounds. It seems to me that, if there had been some prior concession, it was effectively withdrawn by an objection inconsistent with it.

The error in receiving the ordinances as proof is apparent. The statute is not a technical or idle regulation. It was enacted with a view to fixing substantial rights and responsibilities of litigants. Counsel for the defendants could not dispute that the exhibits purported to be ordinances. They did not appear to be spurious. But the vital ground of the objection was finally that a necessary foundation was omitted. It could have been supplied by an official certificate. The defendant was entitled to that showing. The District Court did not know and this court does not know whether the purported ordinances were either adopted or were in force at the crucial date. The judgment should therefore be reversed, with direction to grant a new trial of the cause.