160 So. 272

## OLDHAM v. TOWN OF ROGERSVILLE.

### 8 Div. 849.

Court of Appeals of Alabama.
March 19, 1935.

C. P. Almon, of Florence, for appellant.

W. H. Mitchell, of Florence, for appellee.

SAMFORD, Judge.

The first assignment of error challenges the sufficiency of the affidavit upon which defendant was brought to trial in the municipal court. The record fails to disclose any objection to the affidavit on the original trial before the mayor, from which judgment was an appeal to the circuit court. No objection to the sufficiency of the affidavit on the original trial before the mayor having been made, the question is waived and cannot be taken advantage of for the first time in the circuit court or, in this case, in the law and equity court of Lauderdale county, to which this cause was transferred. Clark v. City of Uniontown, 4 Ala. App. 264, 58 So. 725.

The complaint filed in the law and equity court was:

"Plaintiff claims of defendant and alleges that on, towit, July 2, 1932 defendant violated that certain ordinance of the Town of Rogersville in substance as follows:

"Any person who within the police jurisdiction of the Town of Rogersville shall commit a misdemeanor under the laws of Alabama shall be fined not less than one nor more than one Hundred Dollars in this, towit: That within the police jurisdiction of said town, and on or about said date, defendant had in his possession prohibited liquor.

"Against the peace and dignity of the Town of Rogersville, Alabama."

This complaint was demurred to on several grounds the ninth being:

"Said complaint fails to allege that the ordinance or by-laws of which this defendant is alleged to have violated was duly adopted and ordained by the City Council or Board of Aldermen of the Town of Rogersville."

Under the decision of this court and the Supreme Court the demurrer should have been sustained. Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 So. 167; Rosenberg v. City of Selma, 168 Ala. 195, 52 So. 742; Bouyer v. City of Bessemer, 17 Ala. App. 665, 88 So. 192; Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351; Miller v. City of Andalusia, 21 Ala. App. 253, 107 So. 41.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.