## GRANT *vs*. MOSELEY, Adm'r, &c.

[CASE AGAINST PART OWNER OF STEAMBOAT TO RECOVER DAMAGES FOR LOSS OF SLAVE DROWNED BY NEGLIGENCE OF DEFENDANT'S SERVANTS.]

1. *Rule as to liability where both parties are in fault.*—The general rule of law, that neither party can recover damages where both are in fault, only applies, *it seems*, to faults which operate directly and immediately to produce the result, and cannot be invoked by a party who failed to use ordinary care, when that degre of care might have prevented the act which caused the injury.

2. *Accident, without design, may be negligence.*—The term negligence, in its legal acceptation, includes acts of omission as well as of commission, while diligence implies action as well as forbearance to act; an act, therefore, which is the result of an accident, may constitute a legal cause of action.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellee, as the administrator of Clare Favre, deceased, to recover damages of the defendant, as part owner of the steamboat 'Florida,' for the loss of a slave, alleged to have been drowned by the negligence of the defendant's servants and employees. The material facts of the case, as disclosed by the bill of exceptions, are these :—The slave who was the subject of the suit, a girl about seventeen years old, was, with her mistress, a passenger on the steamer 'Florida' from New Orleans to Mobile ; and had gone ashore on the wharf in Mobile, but was sent back

for some articles which her mistress had left. She went on board again at the forward gangway, and attempted to return the same way; but meeting on the plank two of the boat hands, with a handbarrow loaded with wood, her clothes became entangled in the wood, and she was thrown into the water, and drowned. There were two gangways on the boat ; the forward one being used by the crew and deck passengers, and the other by the cabin passengers. The slave, with her mistress, was a cabin passenger. The boat arrived at the dock about 4 o'clock in the morning, and went into her slip stern foremost ; and the freight and passengers had all been discharged. At the time the accident happened, which was about 8 o'clock in the morning, the boat was preparing to return to New Orleans on the same day. "On this state of facts, after the court had charged the jury generally, the defendant asked the court to instruct the jury, that if they believed that the death of the slave was the result of accident, and without design, then the plaintiff could not recover. The court refused this charge, and the defendant excepted"; and the refusal of this charge is the only matter now assigned as error.

J. Y. BLOCKER, for the appellant.—1. The facts of the case, as set out in the record, show neither malfeasance, misfeasance, nor nonfeasance, on the part of defendant or his servants. The boat hands, in carrying the wood on board, were in the exercise of a lawful duty ; while the slave was in a situation where she had no business, and in a position to avoid the danger which she saw approaching. Where the injury complained of has resulted, even in part, from the fault or negligence of the plaintiff himself, without any intentional wrong on the part of the defendant, an action cannot be maintained.—8 Johns. 421 ; 1 Cowen, 78 ; 5 Denio, 255 ; 4 Metcalf, 49 ; 7 ib. 274. In such case, the rule applies, that there must be a wrong as well as damage, and that there is no legal injury where the loss is the result of fault in both parties.—19 Wendell, 399 ; 5 Car. & P. 375 ; 5 Hill, 282, note.

2. The defendant's servants being in the pursuit of a lawful occupation, the question of design, as well as that of accident,

Grant v. Moseley, adm'r, &c.

was a question of fact for the consideration and determination of the jury.—Smith's Leading Cases, vol. 1, p. 329; 19 Conn. 566 ; 2 Dana, 377 ; 2 Michigan, 259. The slave was unincumbered, had the power of locomotion, and the full possession of all her faculties ; and might have avoided the danger by retreating. a single step. Her death being the result of her own rashness and failure to use ordinary care, there can be no recovery against the defendant, without proof of design on the part of his servants.—12 Metcalf, 415 ; 12 Pick, 177; 2 *ib.* 621 ; 2 Chip. 128 ; 11 East, 60 ; 3 Mees. & W. 244.

E. S. DARGAN and C. P. ROBINSON, *contra.*—The bill of exceptions presents the single question, whether the charge asked was properly refused ; and the correctness of that charge involves the question, whether accident may not amount to legal negligence, or whether the act which caused the injury must have been intentional. The term accident, in its legal acceptance, as in common parlance, is applied to many occurrences of which negligence is the true cause ; and in all such cases it is a good cause of action.

STONE, J.—It is contended, that the plaintiff's slave was where she had no right to be ; and from this the conclusion is attempted to be drawn, that the plaintiff cannot be heard to complain, notwithstanding the employees of defendant may not have exercised due diligence. This question was considered by this court in the case of the Steamboat Farmer v. McCraw, 26 Ala. 189 ; and it was there said, " This rule must be understood with reference to faults which operated *directly* and *immediately* to produce the" result : that " in all such cases, if the act causing the injury could have been prevented by the use of ordinary care, the failure to use it will render the party liable."—See, also, on this point, Smith v. Smith, 2 Pick. 621 ; Beers v. Housatonic Railroad Co., 19 Conn. 566 ; Butterfield v. Forrester, 11 East, 60 ; Bridge v. Grand-Junction Railway Co., 3 Mees. & Wels. 244; Johnson v. Castleman, 2 Dana, 377; Cook v. Champ. Trans. Co., 1 Denio, 91.

But this question is not presented for our consideration. No charge was asked, so far as the record discloses, raising

the question of negligence or fault on the part of plaintiff's slave. The charge asked was, " If the jury believe that the death of the slave was the result of accident, and not of design, then the plaintiff could not recover." Accident, in this connection, may be defined, *chance, casualty,* " an event that takes place, * * without design."—Webster's Dictionary. As we understand the charge, it asserts the proposition, that *duties omitted* cannot constitute *the negligence* to which the law attaches accountability : that there must also be acts of commission. This view is erroneous. Diligence, when the law imposes it as a duty, implies that " we shall do those things we ought to do, and leave undone those things we ought not to do." It requires action, as well as forbearance to act. Accident repels the imputation of faults committed, but not of duties omitted.

To vindicate the correctness of this criticism, we may here refer to a well-defined principle in equity jurisprudence, which rests on the idea that accident and negligence may co-exist.—Mock v. Cundiff, 6 Porter, 24 ; French v. Garner, 7 Porter, 549.

The supposition that, before responsibility can attach in this case, there must have been *design,* is equally indefensible. If the loss of the slave resulted from design, probably the civil injury would be merged in a criminal offense of a high grade.

The charge was correctly refused, and the judgment of the circuit court is affirmed.