(92 South. 461)

### NORWOOD TRANSP. CO. v. CROSSETT.
### (6 Div. 566.)

(Supreme Court of Alabama.   Feb. 9, 1922.)

1. **Municipal corporations** ⟨key⟩706(1)—**Count of a complaint in action by fireman injured by collision between fire truck and automobile held not subject to demurrer.**

In an action by a fireman against the owner of an automobile bus for damages from a collision between the bus and a fire truck, complaint *held* not subject to demurrer.

2. **Negligence** ⟨key⟩111(1) — **General averment sufficient.**

Where the facts stated are sufficient out of which to raise a duty, a very general averment of negligence suffices.

3. **Damages** ⟨key⟩132(6)—**Refusal of new trial on ground that a verdict of $10,000 was excessive not error.**

Where a fireman, 25 years of age, had a leg permanently injured so that it might have to be amputated, and had suffered much pain for a period of two months, refusal to grant a new trial on the ground that a verdict of $10,000 was excessive was not error.

4. **Evidence** ⟨key⟩474(15)—**Permitting witness to testify that a bell on fire truck could be heard several blocks under any conditions not reversible error.**

In an action by a fireman against the owner of a motor bus for injuries in a collision between a fire truck on which plaintiff was riding and the bus, permitting a witness of many years' experience in the fire department and familiar with a fire bell which was on the fire truck to testify that the bell could be heard several blocks under any conditions was not error.

5. **Negligence** ⟨key⟩93(1)—**Negligence of driver of fire truck not imputable to fireman.**

Where a fireman riding in his proper place on the rear of a fire truck was injured in a collision, negligence of a driver of the truck was not imputable to the fireman.

6. **Trial** ⟨key⟩260(8) — **Refusal of instructions given in substance in other instructions held not error.**

In an action by a fireman against the owner of a motor bus, for injuries sustained in a collision between a fire truck on which plaintiff was riding and the bus, refusal of instructions to the effect that plaintiff could not recover unless his injuries were the proximate consequence of defendant's negligence or unless such negligence proximately contributed to cause the injuries complained of was not a conflict with the principle therein stated, in view of the fact that this principle was stressed by the court in an oral charge to the jury, and was embraced in charges given at defendant's request.

7. **Trial** ⟨key⟩260(8)—**Refusal of instruction that plaintiff could not recover if he received injuries from mere accident not reversible error.**

In an action by a fireman against the owner of a motor bus for injuries sustained in a collision between a fire truck and the bus, refusal of an instruction that plaintiff could not recover if he received his injuries from a "mere accident" was not reversible error, in view of the fact that the substance of the charge was contained in an oral charge and in charges given at defendant's request.

8. **Municipal corporations** ⟨key⟩706(6)—**Refusal of affirmative charge held proper.**

In an action by a fireman against the owner of a motor bus for injuries received in a

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

² 206 Ala. 447.          ³ 206 Ala. 485.

collision of a fire truck and the bus, where there was evidence from which the jury could infer that the driver of the bus could have heard or seen the approaching fire truck at the intersection of streets where the collision occurred in time to have avoided the accident, refusal of the affirmative charge was proper.

Gardner, Sayre, and Somerville, JJ., dissenting in part.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by George Crossett against the Norwood Transportation Company for damages for permanent personal injuries, suffered in an automobile collision. There was judgment for the plaintiff in the sum of $10,000, and the defendant appeals. Affirmed.

Appellee was in the employ of the city of Birmingham as a fireman. He was known as the "plugman," and in answering the fire alarm he was supposed to ride on the rear of the fire truck, and attach the hose to the plug in case of a large fire. He had nothing whatever to do with the speed, control, or operation of the truck.

In December, 1917, while at his post of duty he was injured in a collision between the fire truck, on which he was riding and a passenger truck operated by appellant company. The collision occurred at a public thoroughfare in the city of Birmingham; the two vehicles approaching the intersection at right angles to each other. The evidence for the plaintiff tended to show the lights of the fire truck were burning, and the bell with which it was equipped ringing, before and at the time it reached the intersection, and that the truck was running at a speed of 30 to 35 miles per hour. The ordinance of the city of Birmingham provides that all vehicles of the fire department shall have a prior right of way upon all streets and avenues of the city, and imposes a penalty upon any one operating any other kind of vehicle who carelessly, wantonly, or maliciously detains the fire department. The evidence for the plaintiff further tended to show that the passenger truck operated by the defendant approached the intersection of these streets and continued on its course without in any manner reducing its speed until the collision occurred. There is evidence tending to show that the lights, with which the truck was equipped, could be seen for more than a block, and that the bell could be heard under any circumstances for a distance of three blocks.

The evidence for the defendant (appellant here) tended to show that the driver of the automobile bus operated by the defendant was exercising due care, looking and listening for other vehicles, and he did not see or hear the fire truck, and that the speed of the bus was in fact lessened at the time of the collision. The windows of the bus were down, and it was dark; that just previous to the accident the driver of the bus had brought his car almost to a stop on account of a colored boy darting ahead of him on a bicycle.

The record discloses there has been three mistrials of the cause, and at the time of this trial the plaintiff exhibited his injuries to the jury, and the evidence offered tended to show he was permanently injured; and that in fact there was much likelihood of his leg which was crushed having to be amputated; and that he had incurred much expense and suffered great pain—one physician testified he had suffered excruciating pain during the first two months he had treated him. Plaintiff was 25 years old, and married at the time of the accident. There was verdict and judgment for $10,000 in favor of plaintiff, from which defendant prosecutes this appeal.

The cause was tried upon count 1 as amended. This count showed the employment of plaintiff by the city in the fire department, and that he was being transported on a truck of said department in the discharge of his duties as such employé; and that while the truck was proceeding along the public highway in the city on an official trip it came in contact with an automobile bus operated by defendant on the public highway, the collision occurring at the intersection of Twenty-Second street and Avenue F in the city of Birmingham; and as the result of said collision the plaintiff's leg was broken and other injuries not necessary to note, including loss of time, expense, etc. It was then alleged that the injuries and damages aforesaid were proximately caused by the negligence of the defendant, in this: Defendant negligently operated said automobile bus at the time and place of collision. Demurrer to this count was overruled.

There were a number of charges given for the defendant, and a large number refused to the defendant. The refused charges are not separately argued, and will not therefore be separately set out.

One Walton, a witness for the plaintiff, had been a city fireman for 7 years, and was such at the time of this accident. He testified the truck was going the practical way to the destination at that time; that the fire bell on the truck was a regulation fire bell, and was making a loud noise. He was asked the question, "Do you know how far it can be heard when there is no other disturbance?" The objection by defendant was overruled, and witness answered, "Well, it is hard to answer, but it could be heard several blocks under most any conditions—I will say that." Defendant moved to exclude the answer, which was overruled. The witness detailed the size of the bell, the clapper, and the material of which both are made. One witness testified the fire engine was making an unusual noise and the bell ringing loud.

London, Yancey & Brower, of Birmingham, for appellant.

The fact that a fire wagon has a right of way does not excuse or exempt its driver from the duty to exercise due care in driving upon or across a popular street crossing. 126 Ala. 135, 28 South. 87; 196 Ala. 113, 72 South. 16. The defendant was entitled to the general affirmative charge. The court erred in refusing the group of charges beginning with No. 2 and ending with No. 53. 128 Ala. 255, 29 South. 646; 97 Ala. 196, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179. The court erred in refusing the group of charges beginning with No. 16 and ending with No. 45. 164 Ala. 82, 51 South. 365, 137 Am. St. Rep. 25; 17 Ala. App. 25, 81 South. 361; 1 C. J. § 5, note 37; (Tex. Civ. App.) 219 S. W. 241; 135 Md. 208, 108 Atl. 570; 110 Va. 316, 66 S. E. 86. The court should have charged that the pension received should be taken into consideration in determining the plaintiff's damages. Acts 1915, p. 898; 92 Ala. 209, 9 South. 363. Count 1 of the complaint was defective. 80 South, 798.

Black, Altman & Harris, of Birmingham, for appellee.

Errors are not so assigned as to require separate consideration by the court, and if any of the assignments are not justified the case will not be reversed. 3 Ala. App. 456, 57 South. 146; 188 Ala. 218, 66 South. 434; 16 Ala. App. 130, 75 South. 722; 173 Ala. 675, 55 South. 1001. The complaint was in all matters sufficient. 125 Ala. 199, 27 South. 1006; 162 Ala. 609, 50 South. 292; 175 Ala. 49, 56 South. 731. It was competent for the witness to state that the bell could be heard several blocks under any sort of conditions. 169 Ala. 213, 53 South, 315, 32 L. R. A. (N. S.) 889; 138 Ala. 614, 35 South. 701 136 Ala. 126, 34 South. 349; 100 Ala. 110, 14 South. 862.

GARDNER, J. [1] The court is of the opinion count 1 as amended was not subject to the demurrer interposed. Its averments disclose that the plaintiff as a fireman for the city of Birmingham was at his post of duty on the fire truck, which was responding to a fire alarm, and was traveling upon the public highway of the city, where, under the ordinances of the city of Birmingham, it was given the right of way. Plaintiff, therefore, was in the discharge of his duties traveling on the public highway, and defendant owed him the duty not to negligently injure him.

[2] Where the facts stated are sufficient out of which to raise a duty, a very general averment of negligence suffices. B. R., L. & P. Co. v. Bush, 175 Ala. 49, 56 South. 731; Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 South. 293.

[3] Nor are we prepared to say that a motion for new trial should have been granted on the ground of the verdict being contrary to the evidence, or for excessiveness of amount. The evidence has by the court been carefully considered in consultation, and needs no discussion here; and upon these questions we have deemed it sufficient merely to state our conclusions.

[4] We do not think the court committed reversible error in permitting the witness to testify that the bell upon the fire engine could be heard for several blocks under almost any conditions. The witness was entirely familiar with the bell, and had many years' experience in the department; and the foregoing answer was but a shorthand rendition of facts. Adler v. Pruitt, 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; B. R., L. & P. Co. v. Mullen, 138 Ala. 614, 35 South. 701.

A large number of the charges were refused to defendant that are not argued separately, but in groups, with the proposition of law stated and citation of authority; but in many instances neither the proposition of law nor the citation bear directly upon some of the particular charges in question. This method of treatment of these assignments of error is somewhat confusing to the court, and it may be seriously questioned that the rule of practice in this regard has been met. However, we pass this without decision.

[5] A number of charges embraced within the first collection of assignments of error seem to rest upon the assumption that the negligence of the driver of the truck was imputable to the plaintiff in this cause, who was not the driver, but whose duties stationed him at the rear of the truck. This alone would justify their refusal. B. R., L. & P. Co. v. Baker, 132 Ala. 507, 31 South. 618.

[6] The proposition of law stated under still another group of charges is to the effect that the plaintiff could not recover unless he received his injuries as a proximate consequence of the negligence of defendant, or unless such negligence proximately contributed to cause the injuries complained of. This principle was stressed by the court in the oral charge to the jury, and was likewise embraced in charges given at the defendant's request. The refusal of the charges under this heading therefore in no manner conflicts with the principle therein stated.

[7] Some of the refused charges were to the effect that the plaintiff could not recover if he received his injuries by reason of a "mere accident." In support of this character of charge counsel cite Williams v. Anniston Elec. Co., 164 Ala. 84, 51 South. 385, 1 Corpus Juris, 393, and Leland v. Empire Co., 135 Md. 208, 108 Atl. 570, among other authorities. In the Williams Case, supra, the trial court gave a charge similar to that here in question, and it was held that the giving of that charge was not error. See, also, Choate v. Southern Ry. Co., 119 Ala. 611, 24 South. 373. We have no authority in this state holding that a refusal of this character of charge would constitute reversible

error. On the contrary, in Cahaba South. Min. Co. v. Pratt, 146 Ala. 245, 40 South. 943, a charge to the effect that if the death of plaintiff's intestate was occasioned by an accident the verdict should be for the defendant was held misleading, and properly refused. See, also, Pace v. L. & N. R. R. Co., 166 Ala. 519; 52 South. 52; Grant v. Moseley, 29 Ala. 302. The discussion of a similar charge in the Leland Case, supra, sustains this view; the court holding that, the instruction there considered was "liable to mislead the jury by merely stating that proposition of law, without informing them what the law regards as an unavoidable accident." We think this criticism entirely correct and sustained by a consideration of the numerous varying definitions of the words "accident," "mere accident," and "pure accident," found in the cases cited to the notes of 1 Corpus Juris, 393. Upon the question of this character of charges, however, the foregoing represents the views of the writer, with whom Justices SAYRE and SOMERVILLE concur. The majority of the court consisting of Chief Justice ANDERSON and Justices McCLELLAN, THOMAS, and MILLER, are of the opinion these charges were correct, were not misleading and should have been given, but that reversible error is not shown in their refusal for the reason that the substance of such charges was contained in the oral charge of the court as well as embraced within the charges given at defendant's request.

Many of the refused charges were argumentative, and were subject to condemnation upon the ground that they laid stress upon certain facts, ignoring other elements of liability. Dillworth v. Holmes, 15 Ala. App. 340, 73 South. 288.

We are further of the opinion that defendant received all to which it was entitled, growing out of proof of reception of pension by plaintiff in charges 54 and A, given at defendant's request, and that there was no reversible error in the refusal of charge 28.

[8] The affirmative charge was likewise properly refused. There was evidence from which the jury could infer that the driver of defendant's bus could have heard or seen the approaching fire truck at the intersection of these streets in time to have cleared the way and avoided the accident, and the issues of fact were properly submitted for the jury's determination. There is no merit in the suggestion that the averments of the complaint as to the time and place of the collision should be construed as having application to the very moment of the impact of the vehicles, excluding any negligence on the part of the driver of the bus in entering or crossing the intersection of these streets. The words are to be given their ordinary accepted meaning.

Finding no reversible error in the record, the judgment appealed from will be affirmed.

Affirmed.

All the Justices concur.