(98 South. 901)

CITY ICE DELIVERY CO. v. LECARI.
(6 Div. 962.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. Municipal corporations ⬅➡705(1)—Care required of drivers of horses or mules.

Drivers of vehicles drawn by mules or horses in a public highway or street must use due care to prevent injury to others.

2. Municipal corporations ⬅➡706(1) — Complaint held to charge negligent driving of mule.

A complaint alleging that plaintiff was injured while riding a bicycle on a public street, when defendant's mule hitched to a wagon kicked him, and that he suffered said injuries by reason and as a proximate consequence of the negligence of defendant's servant or agent, negligently driving, managing, and controlling said mule, held to sufficiently aver duty, and a breach of that duty proximately resulting in injury to plaintiff to state a cause of action.

3. Municipal corporations ⬅➡705(4)—Driver's violation of hitching ordinance negligence per se.

Though an ordinance relating to the leaving of horses or mules unhitched upon a public street does not make an offender liable for all damages which may happen while he is violating it, a violation of it is negligence per se, and the person proximately injured thereby may recover for such injuries against the violator.

4. Municipal corporations ⬅➡706(1) — Complaint held to charge negligent injury by mule left unhitched.

A complaint alleging that plaintiff was injured when defendant's mule kicked him, and that such injuries were suffered as a "proximate consequence of the defendant's agent * * * negligently allowing said mule to stand unhitched," "without a driver or rider in charge," in violation of a city ordinance, held to sufficiently

state a cause of action, though there was no averment that defendant's negligence per se in violating the ordinance was the proximate cause of the injury.

5. Municipal corporations ⬅➡706(1) — Complaint for negligently leaving mule unhitched held not too general.

A count alleging that plaintiff was injured when defendant's mule kicked him, and that such injuries were suffered as a proximate cause of defendant's agent "negligently and in violation of an ordinance * * * parking * * * said wagon with said mule hitched thereto" at a particular place, in violation of a city ordinance, held to sufficiently state a cause of action, the averment of negligence not being too general.

6. Municipal corporations ⬅➡706(1) — Complaint held to charge negligent parking of wagon and mules.

A complaint alleging that plaintiff was injured when defendant's mule kicked him, and that such injuries were suffered as a proximate consequence of defendant's agent negligently and in violation of an ordinance parking the wagon with the mule hitched to it in a narrow street so that it ·blocked traffic, and forced plaintiff to pass close to the mule, held to state a cause of action for the driver's negligence.

7. Municipal corporations ⬅➡706(4) — Evidence of driver's intent in stopping mules causing injury held irrelevant.

In an action for injuries to plaintiff, when kicked by defendant's mule, hitched to an ice wagon parked near the curb of a street, testimony of one of defendant's agents in charge of the wagon as to his intent in driving and stopping the mules at that point held irrelevant, incompetent, and properly excluded.

8. Discovery ⬅➡79—Cross-examination of witness on behalf of defendant as to prior answers to interrogatories propounded under statute held not improper.

Where a particular witness on behalf of defendant had answered interrogatories propounded under the statute, it was proper on cross-examination of such witness to ask, "Don't you know that this question was asked of this defendant company, and that you made this answer for them?"

9. Trial ⬅➡253(4)—Instructions held properly denied as ignoring particular counts of complaint.

In an action for personal injuries from being kicked by a mule hitched to an ice wagon parked in a public street, instructions precluding recovery, if the team was attended as required by a city ordinance, held properly denied as ignoring counts of the complaint based on negligence in driving and in parking at the time and place involved, in violation of a city ordinance.

10. Trial ⬅➡260(1)—Denial of requested instructions covered by others given not error.

Under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, denial of requested charges covered by others given was not error.

---

**11. Municipal corporations ☞706(8)—Denial of instructions precluding recovery for injury from accident held error.**

In an action for personal injuries sustained by plaintiff, a bicycle rider, when kicked by defendant's mule, hitched to a wagon parked on a public street, an instruction precluding recovery, if the jury believed that the injuries were the proximate result of a mere accident, *held* improperly denied.

**12. Negligence ☞56(3)—Causal connection between violation of statute and injury necessary to recovery.**

Though a violation of a statute is negligence per se, there must be a causal connection between the unlawful act and a resulting injury in order to render the violator liable.

**13. Municipal corporations ☞706(8)—Denial of instruction that violation of ordinance was not proximate cause of injury held error.**

In an action for personal injuries sustained when kicked by defendant's mule, where the proximate cause of the injury was alleged to be the violation of a city ordinance relating to the leaving of animals unattended, and defendant's agent's "negligently allowing said mule to stand unhitched * * * without a driver or rider in charge," an instruction that the violation of the statute was not the proximate cause of the injury *held* improperly denied, the facts pleaded being insufficient to show a causal connection between the injury and the violation of the ordinance.

**14. Municipal corporations ☞706(8)—Instruction that violation of ordinances not proximate cause of injury held improperly denied.**

In an action for personal injuries sustained when kicked by defendant's mule, where counts of the complaint alleged a violation of city ordinances as to parking and leaving any vehicle unattended and other negligence, in addition to the violation of the ordinances, as the proximate cause of the injury, instructions that such violations, if found to exist, were not the proximate cause *held* improperly denied.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages for personal injuries by Sam Lecari against the City Ice Delivery Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Tillman, Bradley & Baldwin and John S. Coleman, of Birmingham, for appellant.

The characterization in a complaint of an act as negligence will not supply an omission to allege facts showing omission of duty by a defendant towards plaintiff. Kilgore v. B. R., L. & P. Co., 200 Ala. 238, 75 South. 996; Tenn. C. & I. R. Co. v. Smith, 171 Ala. 251, 55 South. 170. When the facts and circumstances alleged in a complaint generate a prima facie presumption that there was no proximate causal connection between the injury suffered and the negligent act or omission charged, the mere averment of such connection as a conclusion of the pleader is not sufficient as against demurrer. Ritch v. Kil-

by Frog & Switch Co., 164 Ala. 131, 51 South. 377; Clinton Min. Co. v. Loveless, 204 Ala. 77, 85 South. 289; Thomas v. Sloss Co., 144 Ala. 188, 39 South. 715; Schmidt v. Wisconsin Sugar Co., 175 Wis. 613, 186 N. W. 222; Howard v. Redden, 93 Conn. 604, 107 Atl. 509, 7 A. L. R. 198; Wilson v. L. & N. R. R. Co., 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987; Stanton v. L. & N. R. R. Co., 91 Ala. 382, 8 South. 798; Western Ry. of Ala. v. Mutch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179. No recovery can be had by merely showing a violation of an ordinance, but it must also affirmatively appear that the violation of the ordinance proximately contributed to the injury complained of. Conway v. Monidah Trust Co., 47 Mont. 269, 132 Pac. 26, L. R. A. 1915E, 500; Putermann v. Simon, 127 Mo. App. 511, 105 S. W. 1098; 3 C. J. 92, 93; Smith v. Donohue, 49 N. J. Law, 548, 10 Atl. 150, 60 Am. Rep. 652; Dix v. Somerset Coal Co., 217 Mass. 146, 104 N. E. 433; Forsythe v. Kluckhohn, 150 Iowa, 126, 129 N. W. 739, 33 L. R. A. (N. S.) 163; Stacy v. Knickerbocker Ice Co., 84 Wis. 614, 54 N. W. 1091; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685; King v. Henkie, 80 Ala. 505, 60 Am. Rep. 119; Wilson v. L. & N. R. R. Co., 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987; Stanton v. L. & N. R. R. Co., 91 Ala. 382, 8 South. 798; Shaffer v. Roesch, 215 Pa. 287, 64 Atl. 511; Powers v. Standard Oil Co. (N. J. Sup.) 119 Atl. 273; McGlauflin v. B. & M. R. R. Co., 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E, 790; 20 R. C. L. 43.

Beddow & Oberdorfer, of Birmingham, for appellee.

A person who drives, manages, or controls a horse or mule, or an automobile, upon a public highway is bound to use reasonable care to avoid injuring others. 3 C. J. 93; Dickson v. McCoy, 39 N. Y. 400; Phillips v. DeWald, 79 Ga. 732, 7 S. E. 151, 11 Am. St. Rep. 458; Marsland v. Murray, 148 Mass. 91, 18 N. E. 680, 12 Am. St. Rep. 520; Gary v. Arnold, 175 Ill. App. 365; McIlvaine v. Lantz, 100 Pa. 586, 45 Am. Rep. 400; 13 R. C. L. 279; 37 Cyc. 275. A complaint showing a duty from the defendant to the plaintiff, and that he negligently failed to perform such duty, or performed it in a negligent manner, is sufficient. Sloss Co. v. Weir, 179 Ala. 227, 60 South. 851; Western Ry. Co. v. McGraw, 183 Ala. 220, 62 South. 772; Davis v. Drennen Dept. Stores, 189 Ala. 683, 66 South. 642; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933; L. Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 South. 779. If the defendant's fault concurred with the act of the animal in causing injury to the plaintiff, the action is maintainable. Barnes v. Chapin, 4 Allen (Mass.) 444, 81 Am. Dec. 710; Goodman v. Hayes, 15 Pa. 188, 53 Am. Dec. 589; Stern v. Hoffman Brewing Co., 26

Misc. Rep. 794, 56 N. Y. Supp. 188; Hardiman v. Wholley, 172 Mass. 411, 52 N. E. 518, 70 Am. St. Rep. 292; Grinnell v. Taylor, 85 Hun, 85, 32 N. Y. Supp. 684; Healey v. Ballantine, 66 N. J. Law, 339, 49 Atl. 511; Decker v. McSorley, 111 Wis. 91, 86 N. W. 554.

MILLER, J. This is an action brought by Sam Lecari against the City Ice Delivery Company, a corporation, to recover damages for personal injuries sustained by him, which were caused by a kick, shove, or movement of a mule belonging to the defendant, hitched to a wagon, while plaintiff was riding a bicycle along one of the public streets of the city of Birmingham.

The jury returned a verdict in favor of the plaintiff; a judgment thereon against defendant was rendered by the court; and from it this appeal is prosecuted by the defendant.

The complaint as originally filed and as amended contained in all 10 counts. They were numbered and lettered as follows: 1, 2, 3, 4, 5, A, B, C, D, and E. All were eliminated except 3, B, D, and E, which were submitted by the court to the jury. The defendant questioned by demurrer the sufficiency of each, and the court overruled these demurrers.

Count 3 alleges plaintiff, when injured, was riding a bicycle on a public street in the city of Birmingham, where he had a right to be, and defendant's mule, hitched to a wagon, kicked him, and as a proximate consequence he was injured. The count states the injuries received, and avers plaintiff "suffered said injuries and damages by reason and as a proximate consequence of the negligence of the defendant's servant or agent, acting within the line and scope of his authority, negligently driving, managing, or controlling said mule on a public street in the city of Birmingham on the occasion aforesaid."

[1] Drivers of vehicles drawn by mules or horses in a public highway or street of a city must use due care to prevent injury to others traveling on the street or highway. Dozier v. Woods, 190 Ala. 279, 67 South. 283; 37 Cyc. p. 275, § 2, h. n. 28.

[2] This count alleges a duty owed by the defendant to the plaintiff. It was to use due care in driving, managing, and controlling its mules in this street so as to prevent injury to him (plaintiff) while he was traveling the street. It alleges a breach of that duty by the agent or servant of the defendant while acting in the line and scope of his authority. It avers the servant was negligently driving, managing, or controlling the mule on the public street while acting in the line and scope of his authority; and the plaintiff avers his injuries were suffered as a proximate consequence of this negligence. The negligence averred is sufficient. It is not averred in too general a way. It is in the driving, managing, or controlling of the mule on the public street. This caused the mule to kick, which inflicted the injury on plaintiff as he passed on the street. This count in substance alleges he so negligently drove, managed, or controlled the mule on the public streets that the mule kicked and hit plaintiff while passing on his bicycle, and injured him. The facts averred are sufficient to show the injury was proximately caused by the negligent act. This count (3) states a cause of action, and the demurrers to it were properly overruled by the court. Birmingham, E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 South. 164; West. Ry. v. Mays, 197 Ala. 367, 72 South. 641, and authorities supra.

[3, 4] Count B is the same as count 3 as to the above allegations, to the effect the plaintiff was kicked by defendant's mule when plaintiff was at a place in the street where he had a right to be, his injuries from it, and then states:

"Plaintiff avers that he suffered said injuries and damages by reason and as a proximate consequence of the defendant's agent or servant, acting within the line and scope of his authority, negligently allowing said mule to stand unhitched to a hitching post or by a halter attached to a weight in a public street in the city of Birmingham, without either a driver or rider in charge, and without the mule being securely hitched to a hitching post or by a halter attached to a sufficient weight of not less than 20 pounds, in violation of ordinance section 15 of the traffic code of the city of Birmingham."

This ordinance does not make the offender liable for all damages which may happen while he is violating it; but a violation of the ordinance is negligence per se, and a person proximately injured thereby may recover for such injuries against the violator of the ordinance. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 South. 471; Kansas City R. R. v. Flippo, 138 Ala. 487, 35 South. 457.

The defendant had a right to have the mule on this street, where the injury occurred, but leaving it unhitched without a driver in charge was a violation of the ordinance. This was negligence per se; but was leaving the mule unhitched without a driver the natural, the proximate, cause of his kicking and injuring the plaintiff while passing on his bicycle? This question is not presented by this count. The plaintiff does not rely alone on the violation of the ordinance as the proximate cause of the injury. It will be observed the plaintiff alleges he suffered the injuries "by reason and as a proximate consequence of the defendant's agent * * * negligently allowing the mule to stand unhitched to a hitching post or by a halter attached to a weight in the public street," without a driver or rider in charge, and without the mule being securely hitched to a hitching post or by a halter attached to a sufficient weight of not less than 20 pounds, in violation of ordinance section 15, etc. It

avers negligent acts coupled with a violation of the ordinance as the proximate cause of the injury. These averments under our system of pleading negligence render this count sufficient and not subject to the demurrer. Clinton Mining Co. v. Loveless, 204 Ala. 77, 85 South. 289; Merriweather v. Sayre, 161 Ala. 441, 49 South. 916; S. S. S. & I. Co. v. Weir, 179 Ala. 227, 60 South. 851; West. Ry. v. McGraw, 183 Ala. 220, 62 South. 772, and authorities supra.

[5] Count E reads as follows:

"Plaintiff claims of the defendant the sum of $25,000 as damages, for that heretofore on, to wit, the 9th day of June, 1921, while the plaintiff was riding a bicycle on a public street in the city of Birmingham, to wit, on the south side of Morris avenue between Nineteenth and Twentieth streets, and at a place where he had a right to be, a mule of the defendant, hitched to a wagon of the defendant, which was there and then unlawfully, and in violation of section 25½ of the traffic code of the city of Birmingham, parked or stationed on the south side of Morris avenue between Nineteenth and Twentieth streets, kicked, or shoved, or moved against the plaintiff, and as a proximate consequence thereof the plaintiff was knocked from his bicycle; his right leg was broken; he was permanently injured; he was put to great expense for medicines, medical care, nursing expense, and hospital bills in and about his efforts to cure his said wounds and injuries; he was rendered unable to work and earn wages; he was permanently rendered less able to work and earn wages. And plaintiff avers that at said time Morris avenue between Nineteenth and Twentieth streets was a narrow thoroughfare, with a large amount of traffic moving east and west. And plaintiff avers that he suffered said injuries and damages by reason and as a proximate consequence of the defendant's agent or servant, acting within the line and scope of his authority, negligently, and in violation of an ordinance of the city of Birmingham, parking, placing, or stationing said wagon with said mule hitched thereto on the south side of Morris avenue between Nineteenth and Twentieth streets in the city of Birmingham."

This count, like count B, alleges the violation of a city ordinance; but it does not rest on the violation of the ordinance alone as the proximate cause of the injury. It avers that plaintiff suffered the injuries by reason and as a proximate consequence of the defendant's agent "negligently, and in violation of an ordinance, * * * parking, placing, or stationing said wagon with said mule hitched thereto on the south side of Morris avenue between Nineteenth and Twentieth streets in the city of Birmingham." It is thus clearly seen the plaintiff in this count alleges the injuries were sustained as a proximate consequence of the defendant's servant, in the scope of his authority, violating this ordinance, and negligently parking, placing, or stationing said wagon with the mule hitched to it on the south side of this avenue, a public street. This averment of negligence is not too general under our practice of pleading; and the demurrers to this count were properly overruled by the court. See authorities supra.

[6] Count D is the same as count E, except in lieu of the last paragraph in E it has the following averment:

"And plaintiff avers that he suffered said injuries and damages by reason and as a proximate consequence of the defendant's agent or servant, acting within the line and scope of his authority, negligently, and in violation of an ordinance of the city of Birmingham, parking, placing, or stationing the said wagon with the said mule hitched thereto on the south side of Morris avenue between Nineteenth and Twentieth streets at a time and place when it blocked the traffic going east, which it there and then did, and obstructed when the other traffic going west on said Morris avenue did cause traffic going east on said Morris avenue to approach the said mule from the rear and close to him. And plaintiff avers that on the said occasion, by reason of defendant's said wagon with the mule hitched, obstructing the south side of said street and the traffic on the said Morris avenue on the north side moving, plaintiff was caused to drive his bicycle and pass said mule from the rear, and close to him, at which said time the said mule kicked, shoved, or moved against plaintiff as aforesaid. And plaintiff avers that he suffered said injuries and damages by reason and as a proximate consequence of the negligence of the defendant's agent or servant as aforesaid."

This count avers the violation of an ordinance, but does not base the proximate cause of the injury alone on it. It avers the defendant's servant, negligently, and in violation of an ordinance, parked, placed, or stationed a wagon with a mule hitched to it in this street, which was a narrow street, and at a place and time when it blocked the traffic going east as the other traffic was going west, and plaintiff was caused on this account to drive his bicycle and pass said mule from the rear, close to him, at which time the mule kicked, shoved, or moved against him, causing the injuries. These facts indicate the driver did not exercise due care in parking, placing, or stationing the wagon with the mule hitched to it on this street at that time, under such circumstances and in violation of the ordinance. The violation of the ordinance, under the circumstances indicated by these additional facts averred in the count, may have been the proximate cause of the mule kicking, shoving, or moving against the plaintiff as he passed, injuring him. This count states a cause of action, and the demurrers to this count were properly overruled by the court. Authorities supra.

The defendant pleaded the general issue with leave to give in evidence any matter in defense of the action, to have effect, as if so pleaded, with leave for plaintiff to give in evidence any matter that would be admissible in reply to such defense, and to have effect as if so pleaded.

The evidence of plaintiff tended to show an ice wagon of the defendant, with two mules hitched to it, was on June 9, 1921, on Morris avenue, south side, stopped, with no one on it or in charge of the mules, and no one on the curb watching the wagon and mules; that said mules were unhitched; the avenue narrow, being 18 or 20 feet from curb to curb; and the wagon was about 4 feet from the curb, headed east. There is much traffic on the avenue—one of the busiest in the city of Birmingham. Plaintiff was on a bicycle coming east on this avenue, and defendant's wagon was 5 to 20 feet from the intersection of Morris avenue and Twentieth street; a motorcycle passed the mules, and just before the plaintiff attempted to pass them on his bicycle, and as plaintiff passed or attempted to pass the mules, one mule kicked or shoved or pushed the plaintiff, causing him to fall, and he was injured from being kicked or stamped. The plaintiff did not hit the mule with anything; the wagon and mules had been there three or four minutes.

Three ordinances of the city of Birmingham, which read as follows were introduced by the plaintiff:

"Section 25½. Parking Prohibited in Certain Areas. It shall be unlawful to cause or permit any vehicle or automobile of any kind within the loop area to be parked or placed or stationed or to stop in that part of the street which lies opposite any main entrance or entrances of any office building, hotel, theatre, church or bank, between the curb nearest the main entrance or entrances of said building, or buildings, and the center of the street, or at any of the following locations: And among others is on the south side of Morris avenue between Nineteenth and Twentieth streets."

"Section 1817. Animals Standing in Streets to be Attended by Driver or Hitched. Animals standing in streets to be attended by driver or hitched. No horse or mule shall be allowed to stand in any street, unless the driver or rider is in charge, or the animal securely hitched to a hitching post, and where no hitching post is available such hitching may be accomplished by a halter attached to a sufficient weight of not less than twenty pounds."

"Section 1897. It shall be unlawful for any person in charge of any vehicle to block any thoroughfare, or for any driver of any public vehicle to leave such vehicle unattended or to be distant from the same more than ten feet without leaving the horses in charge of a competent person or securely hitched, as provided in this code."

[7] Defendant's testimony tends to show "that the wagon and mules had been standing from three to five minutes at the time the accident happened, and that at the time the plaintiff was kicked one of defendant's employés was sitting in the driver's seat of defendant's wagon, and that plaintiff, on his bicycle, as he was passing defendant's mules was struck, side-swiped, or forced by a third person on a motorcycle under and against defendant's mule, and plaintiff fell under the mule, and the mule stepped on plaintiff, and that the mule did not kick plaintiff as he was riding by or kick him at all." There was evidence the mules did not run away; they were gentle—not bad or kicking mules. There was also evidence tending to show that at that time a truck and automobile were passing near the wagon on Morris avenue, and the mule jumped. J. W. Hilton, a witness for the defendant, testified he was on the wagon when it was driven into and stopped on Morris avenue by the driver; that he was working for defendant in charge of one of the wholesale wagons. The court would not permit the defendant to ask him the following questions:

"And what were you going to do when you pulled up there?

"I will ask you whether or not it was your intention to drive up there and stop and see if this wagon needed any ice?"

These questions called for the secret, uncommunicated, motive or intent of the witness in driving and stopping the mules and wagon on the south side of this avenue in Birmingham. These questions called for irrelevant and incompetent evidence, and the court did not err in sustaining the objections thereto. Clement v. Cureton, 36 Ala. 120; Herring v. Skaggs, 62 Ala. 180, h. n. 6, 34 Am. Rep. 4.

[8] Plaintiff asked this witness (Hilton) on cross-examination: "Don't you know that this question was asked of this defendant company, and that you made this answer for them?" This was a proper question on cross-examination. It appears the answers to interrogatories propounded to the defendant under the statute had been answered by this witness for the defendant; and it was not improper for this question to be asked the witness on cross-examination; and the defendant did not move to exclude the answer. Coca Cola Bot. Co. v. Barksdale, 17 Ala. App. 606, 88 South. 36, h. n. 5.

[9] These four written charges were separately requested by the defendant, and each was refused by the court:

"If you believe from the evidence that the mule or mules that injured the plaintiff were attended as required by ordinances of the city of Birmingham at the time of plaintiff's injury, then you must find for the defendant.

"If you believe from the evidence that the mule that injured the plaintiff was attended by the driver at the time of plaintiff's injury, then you must find for the defendant.

"If you believe from the evidence that the team of defendant was standing on the street and was attended by the driver, then you must find for the defendant, even though you also believe that one of the mules of defendant's team kicked the plaintiff.

"If you believe from the evidence that the vehicle and mules of defendant were attended by the driver or other competent person at the time of plaintiff's injury, then you must find for the defendant."

· Some of these charges ignore and call for a verdict, without regard to the count lettered E, based on negligence and violation of the ordinance of parking, placing, or stationing the wagon at that place on this avenue. All of them call for a verdict, and all ignore count 3, which claims damages for negligently driving, managing, or controlling the mule on a public street in the city of Birmingham, and the evidence tending to sustain it; and they may have been properly refused for other reasons.

[10, 11] Refused charge, lettered by us A, requested by the defendant, if not erroneous and calculated to mislead the jury, was fairly and substantially covered by given charges requested by defendant, and numbered by us 1 and 2 on the margin of the record. Section 5364, Code 1907, amended Gen. Acts 1915, p. 815. This written charge, requested by the defendant, should have been given by the court:

"The court charges the jury, if you believe from the evidence that the plaintiff received his alleged injuries as a proximate result of a mere accident, then your verdict must be for the defendant."

The court so held in Norwood Trans. Co. v. Crossett, 207 Ala. 222, 92 South. 461.

[12, 13] The following charges were separately asked by the defendant, and each separately refused by the court:

(B) "The court charges the jury that the violation of section 1817 of the code of the city of Birmingham, if you believe from the evidence that the defendant violated said section of said code, was not the proximate cause of plaintiff's injury.

· (C) "The court charges the jury that the violation of section 1897 of the code of the city of Birmingham, if you. believe from the evidence that the defendant violated said section of said code, was not the proximate cause of plaintiff's injury.

(D) "The court charges the jury that the violation of section 25½ of the traffic code of the city of Birmingham, if you believe from the evidence that the defendant violated said section of said code, was not the proximate cause of plaintiff's injury."

In 20 R. C. L. p. 43, we find this rule stated, which is in harmony with our authorities supra:

"Although a violation of a statute is negligence per se, there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by the proof, or the action fails. If the injury would have occurred regardless of the violation of the statute, the defendant cannot be said to be liable therefor. And upon the plaintiff rests the burden of proving that the defendant's unlawful act was the cause of the injury. The meaning of proximate cause in this connection has been explained as follows: If the injury complained of is a natural and probable consequence of a violation of the statute, then that violation is correctly taken as the proximate cause of the injury."

Count B does not allege the violation of section 1817 alone was the proximate cause of the injury. It alleged the proximate cause of the injury was the violation of that section, and defendant's agent, etc., "negligently allowing said mule to stand unhitched to a hitching post or by a halter attached to a weight in a public street of the city, and without a driver or rider in charge" of them. The defendant's agent, etc., allowing this mule to stand in any street in the city of Birmingham, without a driver or rider in charge, or without the mule being securely hitched to a hitching post, or without the animal being hitched by a halter attached to a weight of not less than 20 pounds, would be a violation of this ordinance (No. 1817). These facts constitute negligence per se; but they alone would not be sufficient to make the defendant liable in this action. These facts show no proximate causal connection with the movement of the mule that inflicted the injury. The injury complained of, caused by the kick or movement of the mule, was not the natural and probable consequence of the violation of the ordinance. It may constitute a remote cause, but not a proximate cause, of the injury. The defendant would not be liable for its violation, unless it was the proximate cause of the injury. Wilson v. L. & N. R. R. Co., 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 South. 471; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685; · King v. Henkie, 80 Ala. 505, 60 Am. Rep. 119, and authorities supra. The defendant was entitled to have the jury so charged by the court, and this charge (B) should have been given by the court.

[14] Charges C and D should have been given by the court. What we have written about charge B and count B applies to charges C and D. No count alleges the violation of either ordinance 1897 or 25½ alone was the proximate cause of the injury. Counts D and E allege other negligence, in addition to the violation of the ordinance, as constituting the proximate cause of the injury. Proof of the violation of either ordinance, 1897 or 25½, would constitute negligence per se; but the facts constituting the violation of either alone would not constitute the proximate cause of this injury. It would show probably a remote, but not a proximate, cause of the injury. There is no causal connection between the injuries sustained and the violation alone of either ordinance. Authorities supra.

The three above-quoted ordinances are general; there is no fixed limitation of purpose in them; they were each enacted, in part at least, to prevent injury to person or property, and for the benefit and protection of those who are injured by reason and as a proximate consequence of the violation of either ordinance, as well as to secure an orderly movement of traffic. The violator of either

ordinance is guilty of negligence per se; but he is not liable in damages to the injured party therefor, unless the injury was proximately caused by its violation. Kansas City R. R. Co. v. Flippo, 138 Ala. 487, 35 South. 457, and authorities supra.

There are other errors assigned in form of refused charges, but, as the judgment has to be reversed, we feel it is unnecessary to discuss them. The evidence may be different on another trial, and these charges may not be requested. What we have written is sufficient to guide the court on another trial.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.