(118 So. 283)

**SMITH v. BAGGETT. (6 Div. 965.)**

Supreme Court of Alabama.   June 21, 1928.

Rehearing Denied Oct. 25, 1928.

228

W. A. Denson, of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and Brewer Dixon, of Talladega, for appellee.

ANDERSON, C. J. ■ The third plea was not subject to the plaintiff's demurrer thereto. While it could have specifically charged that the rate of speed was in violation of the city ordinance, yet this court must take judicial notice of the ordinances of the city of Birmingham and the rate of speed there set up was in violation of an ordinance of said city. Acts 1915, p. 297, § 7; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387. Nor did the plea have to aver that the plaintiff negligently operated the car at the rate of speed set up as the rate set out was in violation of the ordinance and was negligence per se. City Ice Delivery Co. v. Lecari, 210 Ala. 629, 98 So. 901; Hill v. Condon, 14 Ala. App. 332, 70 So. 208. We think the plea also shows that the plaintiff's car was going at a rate of speed in violation of the ordinance when the collision occurred.

■ There was no reversible error in giving the defendant's charge made the basis of the fifteenth assignment of error. Norwood Co. v. Crossett, 207 Ala. 222, 92 So. 461; Montevallo Co. v. Little, 208 Ala. 131, 93 So. 873; City Ice Co. v. Lecari, 210 Ala. 629, 98 So. 901. While there has been considerable wabbling on the part of the court as to charges of the character as embodied in assignment of error 15, we find no case holding that the giving of such a charge was reversible error; nor do we find one holding that the refusal of such a charge would be reversible error, unless it be the case of Norwood v. Crossett, 207 Ala. 222, 92 So. 461, where a bare majority of the court thought it a good charge, but justified the refusal of same because covered by given charges. Again, in the more recent case of Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915, said charge was declared to be misleading and the trial courts were admonished to refuse same. We may now repeat that the refusal of such a charge would not be reversible error, notwithstanding the Crossett Case, supra, though the giving of same was not reversible error.

■ There was no error in giving the defendant's charge made the basis of the fourteenth assignment of error. It does not instruct any particular finding or result, but merely, in effect, states that, if the plaintiff violated the ordinance in driving his car, he was guilty of negligence.

[6] There was no error in giving the defendant's charge made the basis of the sixteenth assignment of error. There was no proof of personal injury as claimed in the complaint. Only property damage was shown. The case of Birmingham Ry., Light & Power Co. v. Colbert, 190 Ala. 229, 67 So. 513, involved an entirely different proposition, and in the case of Sloss-Sheffield Steel & Iron Co. v. Thomas, 202 Ala. 231, 80 So. 69, the court held there was no error in refusing the charge as it was abstract; there being no claim for damages which the charge sought to eradicate.

■ It is unquestionably well settled that proof that a defendant had indemnity insurance is not admissible as an independent fact, but we have had cases where it is when collateral to other material facts or so associated with or interwoven as to be inseparable that it becomes admissible and can only be eradicated or neutralized as bearing upon the defendant's liability by a limitation upon the effect of such evidence. The plaintiff testified that defendant said, when approached about fixing the car:

"Let it stay over there and I'll see the insurance man; send him over there to look at it and then he would have it moved off and have it fixed."

We are not prepared to hold that this evidence was improper; but even if it was, so long as it was in without objection or qualification, counsel had the right to comment upon same, and we think that the trial court erred in not permitting plaintiff's counsel to argue or comment upon this fact. Birmingham Electric Co. v. Wildman, 119 Ala. 552, 24 So. 548.

We think the argument of counsel for defendant as embraced in the ninth assignment of error was improper; indeed, the trial court seems to have so considered it by sustaining an objection to same and stating that he would instruct the jury that it was improper, but just to the extent of how he instructed the jury does not appear. Moreover, it appears that, after sustaining the objection, defendant's counsel insisted on his right to make the comment, and the court remarked, "You have already done that once;" the implication being that he already had the benefit of the comment and which said remark of the court at least weakened or neutralized any previous effort to eradicate the argument from the mind of the jury. While we think the trial court should have excluded this argument more affirmatively or positively than was done, we do not mean to hold that he should have adopted the language used in the plaintiff's counsel's motion or request to exclude.

Section 9509 of the Code of 1923 deals with requested written charges, and, among other things, provides that the court must, after the conclusion of his charge to the jury, read the given requested charge in a clear and audible voice. As to counsel reading charges in argument, before they have been passed upon by the court, this amounts to no more than a contention of his views of the law, and trial courts cannot be reversed for every contention or statement of counsel as to his idea of the law or how he may rule. Moreover, one of the charges read was correct and subsequently given by the court and the other one, if incorrect, and which we think it was, was refused by the trial court. As to the regularity of such argument, we neither condemn nor indorse, and it is sufficient to say that the trial court did not commit reversible error in declining to restrain this part of the argument of defendant's counsel.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS and BROWN, JJ., concur in the opinion and result.

SAYRE, SOMERVILLE, GARDNER, and BOULDIN, JJ., concur in the result and the opinion, except as to the argument as to the insurance.

They are of the opinion that the trial court did not commit reversible error in excluding that part of the argument.