MADDOX, Justice.
The facts of this case, briefly stated, are as follows: On February 24,1978, a tractor-trailer unit, owned by Southern Haulers, left the road and overturned. Southern Haulers, and other plaintiffs, sued the defendants, charging them with negligence in causing the tractor-trailer unit to leave the road. A jury returned a verdict for the defendants; the plaintiffs’ motion for a new trial was overruled.
Appellants raise the following issues:
(1) Whether the trial court erred in failing to impose sanctions against the defendants because of their failure to produce a transcript of a recorded statement of one of the defendants, Glenn Allen Martin;
(2) Whether the trial court erred in failing to require the defendants to produce the recorded statement of defendant Glenn Allen Martin, after Martin testified on cross-examination that the statement had been recorded, had been reduced to writing, and that he had read it and that it was then in the possession of his lawyer; and
(3)Whether the trial court correctly sustained objections to the admission in evidence of an admission of insurance coverage by defendant Martin, which was made by Martin at the time of the accident, when he made an admission of fault.

“Sanctions” under Rule 37, ARCP

The appellants contend that they made a motion for production of the statement made by the defendant Martin and that this statement was not produced and that they filed a motion for sanctions, as provided in Rule 37, ARCP, which was presented to the trial judge on October 23,1978, in his chambers in the presence of all the attorneys for the parties. Plaintiffs further contend that the trial judge overruled their motion for sanctions. Admittedly, no court reporter was present during this alleged meeting in the trial judge’s chambers. The plaintiffs made a motion to supplement the record on May 10, 1979, by requesting that a copy of the motion for sanctions allegedly filed by them on October 23, 1978, be sent to this Court. Plaintiffs later, on October 3, 1979, also filed a motion to correct the index and record pursuant to Rule 10(f), ARAP.
On September 25, 1979, the trial judge made the following findings of fact:
“After a complete review of the proceedings herein, the Court is unable to certify that a Motion for Sanctions was called to the attention of the Court. ARAP 10(f). The Court is able to certify that no Motion for Sanctions was filed, no hearing was held by the trial Court on a Motion for Sanctions, nor was any evidence taken or arguments heard on such motion. The records in the trial Court are completely devoid of any record of a Motion for Sanctions prior to the Motion for New Trial.”
As is readily apparent, the trial judge states unequivocally that the motion for sanctions was not made or ruled upon by him. It is not contained in the record.
*493 It is settled that matters not disclosed by the record cannot be considered on appeal, and the record cannot be impeached by statements in briefs or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So,2d 291 (Ala.1967).
The trial court did not err in refusing to impose sanctions.

The “work product’’ issue

During the trial, the attorney for the plaintiffs asked defendant Glenn Allen Martin if he had made a statement after the accident to anyone concerning what had happened. The record indicates the following:

BY MR. MORGAN:

Q And after this accident did you give a statement to anybody? Shortly thereafter concerning what happened?
A Yes, sir, I talked with someone over the telephone. I can’t remember exactly who it was, and they let me know that what I was saying was being recorded.
Q All right. Did you ever give a statement in writing?
A No, sir.
Q Do you know whether that statement over the telephone was reduced to writing?
A Yes, sir, it was.
Q Have you seen it?
A Yes, sir, I’ve looked at it.
Q Do you have it in Court with you?
A I don’t have it, no, sir.
Q Does your lawyer have it?
A Yes, sir.
Q We’d like to see it please.
MR. HALL: May we approach the Bench?
THE COURT: Yes, sir.
(Here followed a conference at the Bench between the Court and the attorneys, out of the hearing of the jury and off the record, after which the following occurred in the presence and hearing of the jury:)
MR. MORGAN: Did you get that, Betty? COURT REPORTER: Pardon? No. I wasn’t at the Bench.
MR. MORGAN: Did you object to the introduction? Did you object to the statement?
MR. HALL: Well, what do you think we were doing at the Bench?
MR. MORGAN: Well, I just wanted to get it on the record.
MR. HALL: Your Honor, may we approach the Bench, again?
THE COURT: Yes, sir. I’m still here. Betty, come up.
THE COURT: I did sustain the objection outside the presence of the jury.
MR. MORGAN: And we excepted, but we didn’t have it on the record.
THE COURT: Well, I could put it on the record without you doing it in front of the jury.
(The trial then resumed in the hearing and presence of the jury.)
In their brief, the appellants argue that they were entitled to see the statement Martin admitted he made and to have it produced at trial on the theory that the statement did not constitute the “work product” of the defense attorney. They contend that the “work product” privilege extends only to the “work product” of the lawyer in the course of his legal duties and not to evidence gathered by a third person who is neither legal counsel nor a party to the litigation.
The appellants state the general rule correctly, but after studying the record here, however, we cannot determine that the trial judge excluded the statement because of the “work product” rule. As indicated by the testimony, we do not have available to us the contents of the statement. Neither do we know who made the telephone call and recorded the statement and later transcribed it. It is a fundamental principle that the appellant has the burden of proving prejudicial error. The appellants have failed to meet this burden; consequently, we will not address the ques *494 tion of the admissibility of the statement. We affirm the trial court’s ruling, based on the record we have available to us in this case.

Mention of “insurance”

As to the third issue, the statement at trial relating to insurance coverage, the following occurred:
Q If you would, just tell us what you said and' what he said out of all that conversation.
A Well, when Mr. Martin got back to where I was at he asked me was I hurt, like I said, and I looked at him and said, “Naw”, you know, still shook up ’cause, you know, you go through something like that and then he said — we was talking and what was said, you know, the other stuff was immaterial, you know, but one thing he said to me was, he said, ‘I’m sorry I had to run you off the road, but I was fixing to go off in the — the left side of the road, because my trailer wheels— my trailer’s wheels was off the road and it, you know, a loaded truck with the trailer wheels in the grass will pull you gradually off the road.’ And he said that, ‘Don’t worry about it.’ He said ‘My insurance company — I’ve got insurance on it.’
“MR. HALL: Your Honor, I want to object to that and move to exclude that and tell the jury to disregard that statement.
“THE COURT: All right, sir. Sustained, excluded, and the jury will disregard it.”
Appellants contend that the admission regarding insurance was so intertwined with the admission of liability that the evidence should have been admitted.
In Smith v. Baggett, 218 Ala. 227,118 So. 283 (1928), this Court did say as follows:
“It is unquestionably well settled that proof that a defendant had indemnity insurance is not admissible as an independent fact, but we have had cases where it is when collateral to other material facts or so associated with or interwoven as to be inseparable that it becomes admissible and can only be eradicated or neutralized as bearing upon the defendant’s liability by a limitation upon the effect of such evidence. The plaintiff testified that defendant said, when approached about fixing the car:
“ ‘Let it stay over there and I’ll see the insurance man; send him over there to look at it and then he would have it moved off and have it fixed.’ ”
We determine here, however, that the statements concerning the cause of the accident in the statement regarding insurance coverage are not so interwoven as to be inseparable; thus, the trial judge did not err in sustaining the objection and excluding the evidence. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and SHORES, EMBRY and BEATTY, JJ., concur.